A89A0347. WAITS v. MAKOWSKI.
(383 SE2d 175)

BIRDSONG, Judge.

This is an appeal from the trial court's order granting appellee's motion for summary judgment.

Appellant brought suit for injuries sustained in a multiple car collision in September of 1986.

Appellee exited I-285 at Memorial Drive at a speed faster than normal. Appellee's vehicle did not appear to reduce speed as he approached a line of stopped vehicles. He hit the back of a stopped car which in turn hit the appellant's car knocking it into the car in front of it. Appellee's car then moved backwards suddenly and traveling in reverse struck two other cars. Mr. Martin, a former special forces soldier with some medical training, witnessed the collisions and approached appellee's car. He observed that the appellee was apparently undergoing some type of seizure. The symptoms exhibited by appellee were later confirmed by a neurology specialist as being consistent with the symptoms of a person who is experiencing a seizure.

Appellee asserts the defense of accident. He claims that he had not eaten any food for approximately 20 hours preceding the collision, and that on the morning of the accident, he had only some coffee and a Coke to drink. Appellee remembers entering the exit ramp at a normal rate of speed, suddenly becoming dizzy and becoming unconscious about a second later thereby losing control of his vehicle. Appellee claims he never suffered from seizures before the collision nor had he experienced episodes of dizziness, light-headedness, or unconsciousness. Following the accident, appellee was given emergency medical treatment. Subsequent medical tests and examinations were administered by two doctors; however, apparently "[n]o neurological disorders were found, and no medications or follow-up treatment were required."

In March of 1987, appellee was examined by a neurology specialist following "a generalized atonic-colonic convulsion." It was this

doctor's opinion that appellee "suffers from cryptogenic seizure disorder"; and this type of seizure occurs suddenly and without any warning and may result in an immediate loss of consciousness. *Held*:

Appellant's sole enumeration of error is that the trial court erred in granting the appellee summary judgment.

1. " '(O)n summary judgment, the movant has the burden of showing "there is no genuine issue as to any material fact and that (he) is entitled to a judgment as a matter of law." (Cit.) When, as in the instant case, the movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint.' [Cit.] In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594 (1), 595-596 (370 SE2d 843).

*Freeman v. Martin*, 116 Ga. App. 237, 239 (156 SE2d 511), cited by the trial court, pertinently provides "that there is no liability for negligence or for gross negligence on the part of an operator of a motor vehicle who, while driving, is suddenly stricken by a fainting spell, or loses consciousness from some unforeseen reason. Such loss of consciousness is a complete defense to an action based upon negligence, and if it appears from the plaintiff's *evidence* he fails to demonstrate a right to recover, making the nonsuit a proper disposition of the matter." (Emphasis supplied.) We adhere to this sound principle.

The record, however, contains the affidavit of Mr. Tate who also witnessed the collision. Mr. Tate recounts, "[a]s I started up the ramp on the right side, a car came up fast behind me and I had to go off the ramp and into a ditch . . . to avoid being hit. As the driver [the appellee] went by me, I noticed he was *drinking* from a cup or can that he was holding. After that, he hit several cars. . . . I quickly went over . . . and started to give help to him. His safety belt was not buckled. He started talking to me and said that unless I was a doctor or medic, not to touch him further. . . . At this time, someone else came up and he had medical training. . . ." (Emphasis supplied.)

It may be reasonably inferred from this evidence that appellee was not having a seizure nor was he unconscious at the time of the collision, or in the alternative that appellee did not suffer the seizure until after the collision. The fact that appellee's car suddenly went in reverse following the initial impact could support any one of several reasonable inferences; for example, that the appellee voluntarily put his car in reverse to disengage it from the struck vehicle and thereafter lost control of it, or that appellee either while conscious or unconscious was thrown into the gear shift lever involuntarily putting the car in reverse. " 'As a general proposition, issues of negligence, con-

tributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial before a jury. (Cits.) However, where the facts conclusively show by plain, palpable and undisputed evidence that the defendant was not at fault . . . such case properly may be resolved as a matter of law through the vehicle of summary judgment.' " *Soto v. Roswell Townhomes*, 183 Ga. App. 286, 288 (358 SE2d 670); accord *Papp Clinic v. Cash*, 186 Ga. App. 444, 445 (367 SE2d 271). We find that the posture of the evidence, considering the reasonable inferences that may be drawn therefrom, presents matters which should be resolved by the jury. *Thompson v. Crownover*, 259 Ga. 126 (5), (6) (377 SE2d 660) (1989).

2. We must next consider whether appellant contested appellee's state of consciousness at the trial level. Examination of the trial record discloses that except for the affidavit of Mr. Tate, and appellant's argument in a brief to the trial court that "Defendant [appellee] was lucid enough to tell Mr. Tate [after the collision] to not touch him 'unless he was a medic.,' " appellant's primary argument before the trial court was that appellee/defendant's unconsciousness and seizure were the product of his own wilful conduct in failing to eat properly and in ingesting some sugar in beverages he drank. Appellant attempted to establish that this conduct would trigger a hypoglycemic episode of seizure or unconsciousness at the time of the collision. The record also discloses that the appellant does not expressly contest that the appellee was unconscious at the time of the collision in his Answer and Rebuttal to Defendant's Statement of Undisputed Facts, which were submitted pursuant to Rule 6.5 of the Uniform Superior Court Rules.

Any matter admitted under the provision of OCGA § 9-11-36, Request for Admission, is conclusively established unless the court subsequently permits withdrawal or amendment of the admission. OCGA § 9-11-36 (b). However, this record does not reflect that any admissions occurred pursuant to this Code section. Facts not contested in response to a Statement of Undisputed Facts, submitted pursuant to Rule 6.5, do not per se constitute admissions within the meaning of OCGA § 9-11-36. Rule 6.5 of the Uniform Superior Court Rules was enacted primarily to facilitate the summary judgment decision-making process. "It was not designed to be used like a request for admissions" under OCGA § 9-11-36; *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94, 99 (3) (366 SE2d 410) (cited as physical precedent only; Court Rule 35 (b)), and it will not be so used.

We have further considered that line of authority holding a party " ' "must stand or fall upon the position taken in the trial court." ' " See generally *Bell v. Sellers*, 248 Ga. 424, 426 (1) (283 SE2d 877). While we adhere to this rule as a general principle of law, we are not

prepared to say, based on the posture of the record, that appellant did not make, at least, a minimal assertion before the trial court contesting whether appellee was in fact stricken by a fainting spell or was otherwise unconscious at the time of the collision. Further, the issue of appellee's negligence in causing the multiple car collision and the issue of his consciousness, "clearly [were] presented by allegations and proof." *Barry v. Cantrell*, 150 Ga. App. 439, 443 (2) (258 SE2d 61). Thus, "[r]egardless of whether the specific point was argued before the trial judge the motion for summary judgment should not have been granted where there was evidence which would have sustained a basis for recovery by the plaintiffs." Id. compare *Barry* with *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (3) (332 SE2d 304).

Accordingly, we find it constituted reversible error to grant appellee's motion for summary judgment in this particular instance. This holding should not, however, be construed as authority for the proposition that appellant's evidence would, had it been offered at trial, necessarily be sufficient to withstand a motion by appellants for directed verdict. An evidentiary posture authorizing the grant of a directed verdict may not authorize the grant of summary judgment in a case, such as this, where " 'the party making the motion for summary judgment is not required to carry the burden on the trial of the case.' " *Winn-Dixie &c. v. Ramey*, 186 Ga. App. 257 (1) (366 SE2d 785).

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 5, 1989.

*John H. Ramsaur*, for appellant.
*Rowe & McGarity, William P. Rowe III*, for appellee.

