for appellee.

A90A1633. SMITH v. ALLSTATE INSURANCE COMPANY.
A90A1853. SHELTON v. ALLSTATE INSURANCE COMPANY.
(404 SE2d 593)

POPE, Judge.

On October 29, 1983, plaintiffs/appellants Ida Smith and Marie Shelton were injured when the bus in which they were riding left the roadway and rolled down an embankment. Both plaintiffs filed suit against the owner/lessee of the bus, the driver of the bus and the company which allegedly repaired part of the steering system of the bus shortly before the accident occurred. Transit Casualty Company, which provided liability coverage on the bus, was also named as a party defendant pursuant to OCGA §§ 46-7-12 (e) and 46-7-58 (e). However, in December 1985, Transit Casualty was declared insolvent in its home state (Missouri). On April 1, 1986 the Superior Court of Fulton County also found Transit Casualty to be insolvent and appointed an ancillary receiver for the purpose of liquidating the assets of the company located in this state.

At the time of the accident both plaintiffs were insured under separate policies of motor vehicle liability insurance issued by defendant/appellee Allstate Insurance Company. In March of 1986 plaintiffs notified Allstate of their potential claims for uninsured motorist benefits. On May 20, 1986, plaintiffs served Allstate with copies of their complaints as provided by OCGA § 33-7-11 (d). Allstate subsequently filed motions for summary judgment in both cases on the basis that it had not been served with the complaint within the applicable (two-year) statute of limitation. The trial court initially denied Allstate's motions for summary judgment. On December 30, 1988, Allstate filed motions for reconsideration or in the alternative, renewed motions for summary judgment on the basis of this court's holding in *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988). The trial court subsequently granted Allstate's motions as to both plaintiffs. We have consolidated their appeals for appellate review.

We agree that this case is controlled by this court's holding in *Bohannon*, which was subsequently affirmed by the Supreme Court in *Bohannon v. J. C. Penney &c. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989). In *Bohannon* we rejected the argument urged by plaintiffs in this case that service on the uninsured motorist carrier should not be required until it has been determined that no (or insufficient) coverage exists. "The service requirement of OCGA § 33-7-11 should . . . be read as a statutory prerequisite a plaintiff must fulfill in order to collect uninsured motorist benefits from the UMC following a tort

judgment in favor of the plaintiff. Because the UMC may be liable for the amount which a plaintiff/insured 'shall be legally entitled to recover' from an uninsured motorist/tortfeasor, and because a tortfeasor may become 'uninsured' subsequent to the injury-causing collision (see, e.g., OCGA § 33-7-11 (b) (1) (D) (ii, iii, iv)), the UMC is entitled to statutory notice of the existence of a lawsuit in which it ultimately may be held financially responsible. If the UMC is not made aware by service pursuant to OCGA § 33-7-11 (d) of the existence of a lawsuit in which it might become financially responsible, the plaintiff/insured will not be able to recover from the UMC. [Cits.] Therefore, it behooves a plaintiff who suffers injury as a result of the operation, maintenance, or use of a motor vehicle to have his UMC served with a duplicate original of the action filed against the owner/operator of the injury-causing motor vehicle at the time the action against the owner/operator is filed, in order to protect his ability to collect insurance proceeds from the UMC should the tortfeasor be or become an uninsured motorist." *Bohannon v. Futrell*, supra at 342.

Likewise, we reject plaintiffs' argument that our decisions in *Yarbrough v. Dickinson*, 183 Ga. App. 489 (359 SE2d 235) (1987) and *Rabun v. Williams*, 168 Ga. App. 467 (309 SE2d 624) (1983) demand a contrary result. "Even if a timely-served UMC is awarded summary judgment on the ground that there is no uninsured motorist involved (as was the situation in [those cases]), that UMC has been given the OCGA § 33-7-11 (d) notice which would also serve as a basis for permitting the relation back under OCGA § 9-11-15 (c) of a complaint subsequently filed if and when the tortfeasor became an uninsured motorist." *Bohannon v. Futrell*, supra at 343. Consequently, we find no error in the trial court's grant of summary judgment to defendant in these cases.

*Judgments affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

As I understand it, the point of our holding is that UMC Allstate is entitled to summary judgment not because the statute of limitation applying to contracts ran against its insureds' causes of action, but because Allstate was not served with the statutory notice of the tort suit within the statute of limitation for the tort suit against other parties. The statutory notice is a prerequisite for the later filing of a contract action against the UMC based on the happening of one of the circumstances described in OCGA § 33-7-11 (b) (1) (D).

A UMC decision to enter, as a party, the suit brought as a tort action should not be confused with the nature of its liability, that being contract. Nor should the fact be overlooked that a cause of action might not arise against it until later, as in this case. See *Yar-*

*brough v. Dickinson*, 183 Ga. App. 489, 490 (359 SE2d 235) (1987). The statute of limitation running against the contractual cause of action is six years, OCGA § 9-3-24, unless the contract provides otherwise. *Patrick v. Travelers Ins. Co.*, 51 Ga. App. 253, 256 (3) (180 SE 141) (1935). The period of limitation begins to run from the time the cause of action arises, which for UMC coverage is the existence of one of the five statutory situations. It is the first date on which an action could be successfully maintained against the insurer. This statutory limitation is unrelated to the statutory notice of the tort suit.

On the other hand, the right to bring the contract suit against the UMC *is* related to the statutory notice and the tort statute of limitation, in that the statutory notice must be given within the tort statute of limitation. *Harris v. Allstate Ins. Co.*, 179 Ga. App. 343 (347 SE2d 368) (1986).

Despite what is said in *Bohannon v. Futrell*, 189 Ga. App. 340, 343 (2) (375 SE2d 637) (1988), regarding the relation back rule of OCGA § 9-11-15 (c), that rule does not apply. Service of the suit against the UMC alleging contractual liability because of one of the OCGA § 33-7-11 (b) (1) (D) circumstances would run from the date *that* cause arose, not the cause against the tortfeasor. Service of process in the suit against the UMC does not "relate back" to service of notice of the tort suit. For the contract suit to be viable, however, the statutory notice of the tort suit must have been given within the statute of limitation applicable to torts.

DECIDED FEBRUARY 27, 1991 —
REHEARING DENIED MARCH 26, 1991 —

*McNally, Fox, Mahler, Cameron & Stephens, Patrick J. Fox, Randall K. Coggin*, for appellants.
*Fain, Major & Wiley, Donald M. Fain, Christopher E. Penna, John K. Miles, Jr.*, for appellee.