A91A1248. DEMAREST et al. v. MOORE.
(410 SE2d 191)

BIRDSONG, Presiding Judge.

Appellants Theodore and Basil Demarest, father and son, appeal the order of the trial court granting summary judgment to appellee. Appellants were lawful tenants of Hidden Lakes Apartments of which appellee Kirby Moore was a partner of a partnership owning and controlling the leased premises. On January 10, 1990, appellants' apartment was forcibly broken into, and certain items of personal property were stolen therefrom. The perpetrator(s) gained entrance by apply-

ing force against a back door causing the screws anchoring the locking mechanism to the doorframe to give way. The door was a hollow-steel door with 15 glass window panes, none of which was broken to gain access into the apartment. The locks were installed when the apartment was built in 1989 by a subcontractor. Prior to the robbery the local police had been present at a Neighborhood Crime Watch meeting held on the premises of the apartment complex in the second week of November 1989. At this meeting the police are alleged to have stated that dead-bolt locks were not sufficient to prevent a break-in unless the hardware through which the bolt rides is securely attached to the primary structural member of the doorframe by 3-½ inch screws. The apartment manager and assistant manager were present at this meeting when the dead-bolt information was presented. Appellant Theodore Demarest never requested that the door lock of his apartment be repaired or requested permission, as required by the terms of the lease, to change or modify the door locks. However, appellant testified in his deposition that at the meeting, a tenant who had inquired about "auxiliary locks or chains" was reminded by someone that tenants were forbidden to modify locks; and appellant had left the meeting "assured management knew of the screw length requirement" and "that the requirement had been met or would be met." The lease and apartment complex rules would allow tenants to add additional locks, but only with the prior written approval of management. The screws used to anchor the dead-bolt lock system to the door at the time of the burglary were of only ⅜-inch and ½-inch in length. Appellant Theodore Demarest brought suit against appellee and others asserting defendants failed to exercise reasonable care in adequately installing a doorframe and locking connections between the doorframe and wall in such a manner as to reasonably assure the safety of plaintiff and his personal property; the complaint was further amended to aver inter alia that defendant further generally failed to exercise reasonable care for the safety of its tenants and their property by installing a weak rear door, constructed of multiple panes of glass, to the apartment. The original complaint included an averment that defendants had notice, both actual and constructive, of the deficiently secured door. *Held*:

1. On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. When, as in the instant case, movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party

opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). Further, at summary judgment, a movant/defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-moving party's case; instead, the burden on the moving party is discharged by establishing by evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Thus, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. Id.

2. OCGA § 44-7-14 provides: "[T]he landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." See generally *Thompson v. Crownover*, 259 Ga. 126 (377 SE2d 660). Although a landlord is not an insurer of his tenant's safety, he certainly is not a bystander. *Warner v. Arnold*, 133 Ga. App. 174, 179 (210 SE2d 350).

At the outset we observe that appellee/defendant had a reasonable time between the neighborhood watch meeting and the burglary to change the locking mechanism screws had it elected to do so.

It is uncontroverted that the loss of appellants' personal property was the result of an act of burglary, and that the burglar gained entrance to the apartment by applying pressure to the door causing the screws anchoring the locking mechanism to give way. "Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendant, unless the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent act." *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 67 (2 (d)) (397 SE2d 576); compare *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693); see also *Johnston v. Harris*, 198 NW2d 409 (SC Mich.). "[T]he purpose for having secure locks on the door to the plaintiffs' apartment, was to prevent unauthorized entry thereto and the accompanying wrongful criminal acts." *Warner*, supra at 179. Unlike *Strickland*, supra, this is not a plain and indisputable case where issues of negligence and proximate cause can be decided by the court as a matter of law on motion for summary judgment. In view of the posture of the record before us, "the jury should properly pass on the questions of agency, notice, foreseeability, intervening causation, assumption of risk, as well as the suitability of the lock in question." *Warner*, supra at 179. Appellee/defendant has failed to negate any element of appellant's cause of action within the meaning of *Lau's Corp.*, supra.

*Rosinek v. Cox Enterprises*, 166 Ga. App. 699 (305 SE2d 393), is

distinguishable from the facts of this case, particularly as to the issue of "foreseeability," which in *Rosinek* was addressed as between a tenant and a third-party newspaper service, and not as between a tenant and his landlord or the landlord's agents.

Even "[a]n evidentiary posture authorizing the grant of a directed verdict may not authorize the grant of summary judgment in a case, such as this, where the 'party making the motion for summary judgment is not required to carry the burden on the trial of the case. [Cits.]'" *Winn-Dixie &c. v. Ramey*, 186 Ga. App. 257, 258 (1) (366 SE2d 785).

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 3, 1991.

*J. O'Quinn Lindsey*, for appellants.
*Miller & Towson, Wallace Miller III*, for appellee.