A92A0141. SOUTHERN GENERAL INSURANCE COMPANY v. DAVIS.
(421 SE2d 780)

ANDREWS, Judge.

Southern General Insurance Company, the uninsured motorist

carrier (UMC), was granted interlocutory appeal from the denial of its motion for summary judgment in this "John Doe" negligence suit brought by its insured, Davis. The suit stems from a hit and run automobile collision in which John Doe allegedly was the offending driver. Prior to filing the present suit in superior court, Davis filed a similar suit in state court against Park, who he then alleged was the owner and operator of the automobile which hit and damaged his parked car. The UMC was not served, Park did not respond, and Davis obtained a $10,000 default judgment. Several months later, Davis filed the present action and served the UMC.

In the first suit, Davis obtained the default judgment against Park based on a complaint which alleged that "William K. Park did so negligently operate his vehicle as to be the sole proximate cause of a collision with the plaintiff's parked vehicle." In the present suit, describing the same accident, Davis alleged that "John Doe did so negligently operate a vehicle as to be the sole proximate cause of a collision with the plaintiff's parked vehicle." The UMC sought summary judgment on the basis that: (1) Davis failed to satisfy the statutory requirement of OCGA § 33-7-11 (d) to serve the UMC with a copy of the previous action in which Park was named as the owner/operator of the automobile causing the injury, and (2) because the record shows that Park and the John Doe defendant in the present suit are one and the same person, Davis is estopped from collecting benefits from the UMC by bringing, in effect, the same action against Park in the guise of a John Doe defendant in an effort to avoid the failure to serve the UMC in the first action.

The default judgment in the first suit established Park's liability on the basis that he negligently operated the automobile in the accident. See *Stroud v. Elias*, 247 Ga. 191, 193 (275 SE2d 46) (1981) (default judgment operates as admission by the defendant of the truth of definite allegations in the complaint, and of fair inferences and conclusions of fact to be drawn from the allegations). Davis now claims, without any supporting evidence in the record, that Park was the owner but not the operator of the vehicle, and that the present suit is not against Park, but against an unknown John Doe who operated Park's vehicle in the accident. Davis contended in his statement of material facts not in dispute that Park was the owner and John Doe was the driver of the offending vehicle. Contentions as to undisputed material facts under Rule 6.5 of the Uniform State Court Rules are not evidence for purposes of summary judgment, nor does any lack of response to such contentions amount to an admission of fact. See *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94, 98-99 (366 SE2d 410) (1988); *Waits v. Makowski*, 191 Ga. App. 794, 796 (383 SE2d 175) (1989). On the other hand, the existence of the default judgment against Park, based on allegations in the previous complaint that

Park negligently operated the vehicle in the accident, was accepted as true by both parties as set forth in the statement of facts contained in the UMC's brief on appeal. "Except as controverted, the statement of facts by the appellant may be accepted by this Court as being prima facie true." Court of Appeals Rule 15 (b) (1); *Bentley-Kessinger, Inc. v. Jones*, 186 Ga. App. 466, 467 (367 SE2d 317) (1988). Evidence that Davis obtained a default judgment against Park on the basis that he operated the vehicle, is a sufficient prima facie showing that Park is one and the same with the John Doe alleged by Davis to be the operator of the vehicle in the present suit. The only logical conclusion that can be drawn from the record as it stands is that only one person operated the vehicle in the accident, and that person, as established by the previous default judgment, was Park. The burden in resisting summary judgment was shifted to Davis to show that Park was not the John Doe operator of the vehicle in the present suit. See *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990) (once movant has made prima facie showing of entitlement to summary judgment, burden shifts to non-movant to come forward with evidence to show issue of fact); OCGA § 9-11-56 (e).

The service requirement of OCGA § 33-7-11 (d) is "a statutory prerequisite a plaintiff must fulfill in order to collect uninsured motorist benefits from the UMC following a tort judgment in favor of the plaintiff." *Bohannon v. Futrell*, 189 Ga. App. 340, 342 (375 SE2d 637) (1988). Davis failed to serve Southern General as the UMC in the previous suit resulting in a default judgment against Park, and having failed to establish a factual issue in this case by coming forward with evidence to rebut the prima facie showing that Park and the present John Doe defendant are the same person. Accordingly, Davis is barred by his previous failure to satisfy the statutory prerequisite of OCGA § 33-7-11 (d) from collecting benefits from Southern General in the present action. Southern General was entitled to summary judgment.

*Judgment reversed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper and Johnson, JJ., concur. Carley, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

The premise for each of the UMC's two bases for summary judgment is and must be that Park and the John Doe motorist are the same person, for there is no statutory bar under OCGA § 33-7-11 or otherwise for a plaintiff, after obtaining a default judgment against a known tortfeasor, to bring a second similar action against an unknown joint tortfeasor and to then perfect service on plaintiff's uninsured motorist carrier. Compare *Champion v. Southern Gen. Ins. Co.*, 198 Ga. App. 129 (401 SE2d 36) (1990), in which the insurer did not

learn of the suit against its insured until after final judgment of default against the insured. Compare also *Smith v. Allstate Ins. Co.*, 199 Ga. App. 264 (404 SE2d 593) (1991) (physical precedent) and *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988), which involved a single alleged tortfeasor. Estoppel by judgment does not apply absent an identity of parties. See *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (2) (270 SE2d 883) (1980).

The UMC did not produce any evidence that Park and John Doe were the same individual. At the summary judgment hearing the UMC asserted the identity of parties as the same and Davis argued the existence of evidence to the contrary, but neither side produced any evidence on this issue at any time. The plaintiff, in his statement of material facts "not in dispute," asserts that Park was the owner and John Doe was the driver of the offending vehicle.

The UMC as movant had the burden of showing no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to Davis, entitled the UMC to judgment in its favor as a matter of law. See *Demarest v. Moore*, 201 Ga. App. 90, 91 (1) (410 SE2d 191) (1991). If defendant's identity, as not being the Park in the earlier suit, had been an essential element of plaintiff's case, the UMC as defendant could have relied on the absence of Davis' evidence in this regard to assert entitlement to judgment in the UMC's favor as a matter of law. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), which established that a party *who will not bear the burden of proof at trial* need not conclusively prove the opposite of each element of the non-moving party's case in order to obtain summary judgment. However, showing John Doe to be a person other than 'Park is not an element of plaintiff's case and thus not his burden at trial. The identity of the parties as one person is a defense, so the UMC has the burden of proof. The record fails to show conclusively that the defendant in the first suit is the "John Doe" of the present action. Summary judgment was not awardable.

If John Doe was the driver, the UMC cannot escape liability by showing that another person did not answer an earlier lawsuit claiming that the other person was the driver. The default judgment did not constitute conclusive proof against plaintiff that such was fact. It operated instead as an admission by *Park*, for the purpose of the suit against him, of the truth of the allegations of fact. *Stroud v. Elias*, 247 Ga. 191, 193 (275 SE2d 46) (1981). Moroever, as repeated in *Stroud*, supra, the default judgment does not admit conclusions of law in the complaint. Negligence and sole proximate cause are legal, not factual, issues.

If the UMC establishes at trial that Park was the driver, of course, it will not be liable. The denial of summary judgment should be affirmed.

I am authorized to state that Presiding Judge Carley joins in this dissent.

DECIDED JULY 16, 1992 —
RECONSIDERATION DENIED JULY 31, 1992.

*Freeman & Hawkins, Barry S. Noeltner*, for appellant.
*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson*, for appellee.