## A98A1980. JACKSON v. POST PROPERTIES, INC.
### (513 SE2d 259)

BLACKBURN, Judge.

Kim Jackson appeals the trial court's order granting Post Properties, Inc.'s (Post) renewed motion for summary judgment in this premises liability action. Jackson was raped by an unknown assailant after moving from an upper level unit to a ground level unit at Post Brook Apartments. She contends that issues of material fact involving inadequate security preclude summary judgment. We agree that issues of material fact exist and, therefore, reverse the trial court.

We review de novo a trial court's grant of summary judgment. *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The general rule is that a landlord is not an insurer of his tenant's safety, *Lau's Corp.*, supra at 492; however, the landlord does have a duty to exercise ordinary care to prevent foreseeable third-party criminal attack upon tenants. See *Sturbridge Partners v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997). A tenant will be pre-

cluded from recovery, however, as a matter of law against the landlord when he or she has equal or superior knowledge of the risk and fails to exercise ordinary care for his or her own safety. *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (390 SE2d 248) (1990) (" '[t]he superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care' "). See also *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157 (342 SE2d 468) (1986).

Here Jackson knew of the risk of third-party criminal attack. Before Jackson was raped, another tenant had been raped in a ground floor apartment at Post Brook. When this rape occurred, Jackson lived at Post Brook in an upper level apartment where she had previously been the victim of an unsolved burglary. Post, in response to the rape, conducted town hall-type meetings with the residents and distributed community newsletters to address the residents' safety concerns. Jackson learned by attending these meetings and receiving the newsletters that the previous rape occurred in a ground floor unit and the suspect had not been apprehended. With knowledge of the prior rape and the experience of being the victim of an unsolved burglary, Jackson was on notice of the risk of third-party crime at Post Brook. When Jackson moved from her upper level apartment to the ground floor, she and Post had equal knowledge of the risk of third-party criminal attack, including rape. Thus, the central issue is whether Jackson could have taken any action in the exercise of ordinary care to avoid the consequences of Post's alleged negligence. Post and Jackson were equally aware of the risk of third-party criminal attack.

"[O]rdinary [care] is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances." OCGA § 51-1-2. "Exactly what constitutes 'ordinary care' varies with the circumstances and the magnitude of the danger to be guarded against. Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in each particular case. But, to be negligent, the conduct must be unreasonable in light of the recognizable risk of harm." (Citations and punctuation omitted.) *Lau's Corp. v. Haskins*, supra at 493 (2). Whether a party has failed to exercise ordinary care may be decided by the court only in cases in which "undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached." (Punctuation omitted.) *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 875 (2) (392 SE2d 535) (1990).

1. A question of fact exists as to the proper use of the window locks. Jackson alleges that the assailant entered through her sunroom window which was closed and locked. She claims that the night

she was raped, the sunroom window was locked with the manufactured "spoon lock" and the "thumbscrew" locks which Post provided to all ground floor residents. Post contends that Jackson was improperly using the "thumbscrews" and, as a result, the assailant was able to gain entry through her sunroom window.

Our review of the record reveals a factual issue regarding the proper use of the "thumbscrews." Jackson admits in her deposition that she had been told by Post to place the "thumbscrews" at the bottom of the top frame. The night she was attacked the "thumbscrews" in her sunroom window were six to eight inches above the base of the frame so that she could more easily open the window for fresh air. The Executive Vice President of Services for Post deposed that Post had previously disseminated information in newsletters to residents regarding a proper use of the "thumbscrews." The newsletters indicated that a proper use of the "thumbscrews" required placing them at a point approximately six inches from the bottom. When Jackson was raped, her "thumbscrews" were placed at a point in compliance with this instruction.

2. Post contends that Jackson was responsible for reporting defects in the window locks, and her failure to make any report precludes its liability. Post required all residents, including Jackson, to sign a document stating that residents are responsible for their own safety and that they will report any defect in apartment locks to Post in writing. Based on this document, Post contends that because Jackson did not report any defect in her locks, it is not responsible for her injuries. This contention presupposes that Jackson objectively knew of a defect in her window locks. Jackson deposed that she knew the windows were "flimsy." Post had reason to know of this defect prior to Jackson's rape because residents had complained about the flimsy nature of the windows at one of the town hall meetings after the first rape.

In *Demarest v. Moore*, 201 Ga. App. 90 (410 SE2d 191) (1991), we reversed the trial court's grant of summary judgment to the defendant landlord where a burglar broke into the plaintiff's apartment through an inadequate dead-bolt lock installed when the apartment complex was built. The landlord and tenants were put on notice of the proper type and installation of dead-bolt locks at a Neighborhood Crime Watch meeting. Id. at 91. The plaintiff "never requested that the door lock of his apartment be repaired or requested permission, as required by the terms of the lease, to change or modify the door locks." Id. Therein, we determined that issues of fact, including the suitability of the dead-bolt lock, precluded summary judgment. Id. at 92. Similarly, a jury must determine whether Jackson's rape was the result of the flimsy nature of the windows installed when the Post apartments were built.

3. Post contends that Jackson failed to exercise ordinary care by moving to a ground floor apartment. Post avers that it is significant that Jackson moved from an upper level apartment to the ground floor while aware of the risk of criminal attack on the ground floor. This argument is untenable. By its very nature, it suggests that Post admits that its apartments were defectively designed for even *having* first floor apartments and that any tenant who lives on the first floor assumes all risk of criminal attack. In any event, a jury must determine whether Jackson's move to a ground floor apartment was a failure to exercise ordinary care for her own safety.

4. The trial court improperly relied on our decision in *Post Properties v. Doe*, 230 Ga. App. 34 (495 SE2d 573) (1997) (physical precedent only). As physical precedent, *Doe* is not binding authority in any other matter. Additionally, although the rape in *Doe* and the rape here occurred at the same property, there are significant factual differences between the two cases such that our previous decision is not material to the case at hand. Issues of fact exist in the present case regarding Post's failure to protect Jackson from third-party criminal attack which were not present in *Doe*.

5. Issues of fact remain as to whether the courtesy officer was utilized in a negligent manner. In response to the crimes against persons and property at Post Brook, Post employed a courtesy officer for resident and property protection. When a landlord acts to provide security, it must do so in a non-negligent manner. *Cooperwood v. Auld*, 175 Ga. App. 694 (334 SE2d 22) (1985). However, no courtesy officer was on duty the night Jackson was raped. A jury must determine whether this omission was unreasonable in light of the known risk of harm.

6. Additionally, a jury determination is required as to the adequacy of Post's maintenance of the property's lighting and landscaping. Summary adjudication on an element of negligence is appropriate only where "undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached." (Punctuation omitted.) *Bishop*, supra. We conclude that the record contains no such set of facts.

Viewing the undisputed evidence in a light most favorable to Jackson, the non-movant, there are questions of fact to be resolved by a jury. Accordingly, the trial court improperly granted summary judgment to Post. Therefore, we reverse and remand this case for further proceedings not inconsistent with this opinion.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 1, 1999.

*Carter & Ansley, Keith L. Lindsay, Robert A. Barnaby II*, for appellant.

*Johnson & Kane, Stephen R. Kane*, for appellee.