Raul MORALES VILCHEZ, Plaintiff,

v.

ARC COMMUNITIES 17, LLC, and ARC Management Services, LLC, Defendants.

Civil Action No. 1:08–CV–03145–JTC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 22, 2010.

Davis Kingsley Loftin, Peter A. Law, E. Michael Moran, Law & Moran, Atlanta, GA, for Plaintiff.

Christopher Shane Keith, Michael Jay Goldman, Hawkins & Parnell, Mark R. Johnson, Weinberg Wheeler Hudgins GUM & Dial, Atlanta, GA, for Defendants.

### ORDER

JACK T. CAMP, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment [# 36]. Plaintiff was shot and paralyzed during the robbery of a mobile home where he was staying. Plaintiff then brought this action against Defendants, the owner and manager of the mobile home park. Plaintiff alleges that Defendants were negligent under Georgia law because Defendants were aware of criminal activity occurring on the property but failed to provide adequate security.

Defendants move for summary judgment on Plaintiffs negligence claim. They contend that Plaintiff is precluded from recovery as a matter of law because he had equal or superior knowledge of the risk posed by criminal activity at the mobile home park and failed to exercise ordinary care for his own safety. Because a question of material fact exits as to whether Plaintiff exercised ordinary care, the Court **DENIES** Defendant's Motion for Summary Judgment [# 38].

## I. Factual Background [1]

ARC Riverdale is a mobile home park located in Riverdale, Georgia. (Def.'s Statement of Material Facts ("SMF") at ¶ 1.) ARC Riverdale is owned by Defendant ARC Communities 17, LLC ("ARC Communities") and managed by Defendant ARC Management Services LLC ("ARC Management"). (Def.'s SMF at ¶ 2.) Approximately 500 mobile homes are located on the property. (Pl.'s Statement of Facts ("SMF") at ¶ 8.) Although many of these mobile homes are owned by the tenants, Defendants maintain the common areas of the mobile home park and control access to the property. (Pl.'s SMF at ¶ 9.)

Plaintiff's brother rents a lot for his mobile home in ARC Riverdale. (Def.'s SMF at ¶ 3; Pl.'s SMF at ¶ 1.) On the night of July 19, 2008, Plaintiff was staying with his brother in the mobile home. (Pl.'s SMF at ¶ 1; Def.'s SMF at ¶ 17.) He had

---

1. Neither party complied with the requirements of Local Rule 56.1B, which outlines the procedure for filing a statement of facts in support or in opposition to a motion for summary judgment. Although Defendants filed a brief *Statement of Material Facts in support of their Motion for Summary Judgment,* Plaintiff failed to file an "individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts," as required by the Local Rules. LR 56.1B(2)(a), NDGA. Accordingly, the Court deems each of Defendants'

individually numbered statements of fact admitted for purposes of ruling on this motion. *Id.*

Plaintiff did file a separate statement of additional facts. The Local Rules require that Defendants file a response to each of these additional facts. LR 56.1B(3). Defendants failed to do so. Accordingly, the Court deems each of the facts set forth in Plaintiff's Statement of Facts as admitted. Going forward, both parties should refer to the Local Rules prior to filing documents with the Court.

been living with his brother at ARC River-dale for ten or eleven months. (Pl.'s SMF at ¶ 3.) After locking the lock on the door handle and going to bed, an unknown assailant broke into the mobile home at approximately 6:00 a.m., robbed him, and shot him in the back. (Def.'s SMF at ¶ 19; Pl.'s SMF at ¶ 2.) As a result of the shooting, Plaintiff is paralyzed from the waist down. (Def.'s SMF at ¶ 19; Pl.'s SMF at ¶ 2.)

As Defendants concede, numerous criminal events occurred at ARC Riverside prior to the shooting that left Plaintiff paralyzed; ARC employees were aware of many of these incidents. (Def.'s Br. In Support of Def.'s Mot. for Summ. J. at p. 2, 16; Pl.'s SMF at ¶ ¶ 12–13, 16–17, 20, 37, 38.) Defendants, however, never informed residents or their guests of the crime occurring on the property because management did not want the residents to know the extent of crime occurring on the property. (Pl.'s SMF at ¶ 26.) No one had broken into the mobile home prior to this incident, and Plaintiff was aware of only one prior crime occurring at ARC Riverside. (Pl.'s SMF at ¶ ¶ 4–5.) Plaintiff, however, was the victim of this prior crime. (Pl.'s SMF at ¶ 5.)

Five months prior to the break-in, Plaintiff was robbed at knife point outside the mobile home. (Pl.'s SMF at ¶ 5.) Plaintiff was sitting in his car outside the mobile home at 3:00 a.m. listening to music and talking on the phone to family members in Mexico. (Def.'s SMF at ¶ 7; Pl.'s SMF at ¶ 5.) Two unknown males approached the vehicle and demanded that Plaintiff give them all his money. (Def.'s SMF at ¶ 8.) One of the individuals had a knife. (Def.'s SMF at ¶ 8.) Plaintiff gave the men his money, but one of the assailant's cut Plaintiff with the knife. (Def.'s SMF at ¶ 9.) After this incident, Plaintiff did not loiter outside of the mobile home in the early morning hours. (Def.'s SMF at ¶ 14.)

## II.   Summary Judgment Standard

■   Federal Rule of Civil Procedure 56(c) defines the standard for summary judgment: courts should grant summary judgment when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant,' . . . and draw 'all justifiable inferences . . . in his favor. . . .'" *Four Parcels*, 941 F.2d at 1437. The court may not weigh conflicting evidence nor make credibility determinations. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir.1993), *reh'g denied*, 16 F.3d 1233 (1994) (en banc).

As a general rule, "[the] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Rule 56(c), however, mandates that the a court enter summary judgment against a party who fails to establish the existence of an essential element of her case when the party bears the burden of proof at trial. *Konikov v. Orange County, Fla.*, 410 F.3d 1317, 1321 (11th Cir.2005).

## III.   Analysis

■   This is a premise liability case arising under O.C.G.A. § 51–3–1, which provides that owners of land shall "exercise ordinary care in keeping the premise and

approaches safe." O.C.G.A. § 51–3–1. Under certain circumstances, this duty extends to protecting tenants from third-party criminal acts. *Habersham Venture, Ltd. v. Breedlove*, 244 Ga.App. 407, 535 S.E.2d 788, 790 (Ga.Ct.App.2000); *Johnson v. Atlanta Hous. Auth.*, 243 Ga.App. 157, 532 S.E.2d 701, 703 (Ga.Ct.App.2000); *Dolphin Realty v. Headley*, 271 Ga.App. 479, 610 S.E.2d 99, 102 (Ga.Ct.App.2005). As the Georgia Court of Appeals has explained:

> While the general rule is that a landlord is not an insurer of his tenant's safety, the landlord does have a duty to exercise ordinary care to prevent foreseeable third-party criminal attacks upon tenants. The duty to guard against crime generally arises when, due to prior experience with substantially similar types of crimes, the landlord has reason to anticipate criminal acts.

*Breedlove*, 535 S.E.2d at 791; *see also Johns v. Hous. Auth. for the City of Douglas*, 297 Ga.App. 869, 678 S.E.2d 571, 573 (Ga.Ct.App.2009); *Headley*, 610 S.E.2d at 102. This liability is premised on the superior knowledge of the landlord of the risk of criminal attack on the premises. *See Norby v. Heritage Bank*, 284 Ga.App. 360, 644 S.E.2d 185, 187 (Ga.Ct.App.2007); *Gateway Atlanta Apartments, Inc. v. Harris*, 290 Ga.App. 772, 660 S.E.2d 750, 754 (Ga.Ct.App.2008). Accordingly, "[a] tenant will be precluded from recovery ... as a matter of law against the landlord when he or she has equal or superior knowledge of the risk and fails to exercise ordinary care for his or her own safety." *Jackson v. Post Props., Inc.*, 236 Ga.App. 701, 513 S.E.2d 259, 261 (Ga.Ct.App.1999); *see also Headley*, 610 S.E.2d at 102; *Breedlove*, 535 S.E.2d at 791; *Atlanta Hous. Auth.*, 532 S.E.2d at 704.

For example, in *Headley* the Georgia Court of Appeals held that a landlord was entitled to summary judgment on a claim by a tenant who was the victim of a crime because the tenant had equal or superior knowledge of the risk of crime and failed to exercise ordinary care for her own safety. *Headley*, 610 S.E.2d at 103. The tenant lived on a ground floor unit directly across the parking lot from the complex's laundromat. *Id.* at 101. One evening she was sexually assaulted and robbed by an unidentified man that was in her bedroom. *Id.* At the time, she was doing her laundry and walking back and forth from the laundromat. *Id.* The tenant, however, had left her front door unlocked. *Id.* When she returned to her apartment, the man was waiting for her in the bedroom. *Id.* The man put a sharp object to her neck and told her that "he would give her some advice—'not to go out after dark and not to do laundry after dark.'" *Id.* The man then stated, "'you didn't see me in the dark; did you.'" *Id.*

The tenant reported the incident to management. *Id.* Management did not have knowledge of any other serious crime occurring on the property. *Id.* For a period of time, the tenant stopped doing her laundry after dark. *Id.* at 102. Approximately ten months later, the tenant was doing her laundry after dark and, as she returned to her apartment from the laundromat, the same assailant pushed his way into the apartment and stole her television and VCR. *Id.* The tenant then brought a negligence action against the landlord.

The Georgia Court of Appeals held that the defendant was entitled to summary judgment on the negligence claim because the defendant "had no knowledge superior to that of [the tenant] of any danger" and she failed to exercise ordinary care for her own safety. *Id.* at 103. The Court highlighted the fact that the assailant warned her not to do laundry after dark and she proceeded to do just that, knowing of the potential danger. *Id.*

■ Defendants concede for purposes of its motion that they were aware of similar crimes that occurred at ARC Riverside prior to the robbery at issue. (Def.'s Br. in Support of Mot. for Summ. J. at p. 2, 16.) Defendants, however, contend that, like in *Headley*, Plaintiffs claim fails as a matter of law because his knowledge of the risk of crime was equal to or superior to that of Defendants, and he failed to exercise reasonable care. Irrespective of whether Plaintiff had equal or superior knowledge of the risk of third-party criminal attacks at ARC Riverside, a question of material fact exists as to whether Plaintiff failed to exercise ordinary care for his own safety. *See Post Props.*, 513 S.E.2d at 261–62 (holding that although plaintiff had equal knowledge of the risk of third-party criminal attack, defendant not entitled to summary judgment because a question of fact existed as to whether Plaintiff exercised ordinary care for her own safety). As the Georgia Court of Appeals has explained:

> Whether a party has failed to exercise ordinary care may be decided by the court only in the cases in which undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached.

*Id.* at 262 (quotations and citation omitted). This is not such a case.

The first robbery occurred at 3:00 a.m. while Plaintiff was sitting in his car outside the mobile home. After this incident, Plaintiff stopped loitering outside the mobile home in the early morning hours. When he was shot, Plaintiff was asleep in the mobile home behind a locked door. Plaintiff testified that this was the first time someone had broken into the mobile home.

Unlike the tenant in *Headley*, Plaintiff was not engaging in the identical behavior that led to the first incident. Moreover, the assailant had not previously warned him not to engage in this specific activity. In short, the risks to Plaintiff of sleeping behind a locked door in a mobile home at ARC Riverside after five months earlier having been robbed while loitering outside the mobile home at 3:00 a.m. is not so "plain and palpable" as to entitle Defendants to summary judgment. *Compare id.* at 262 (holding that question of fact existed as to whether plaintiff properly secured the window through which the perpetrator entered the apartment) *with Atlanta Hous. Auth.*, 532 S.E.2d at 704–05 (holding that plaintiff who knew of dangers of fingering after dark on a bench in a high crime area yet did so anyway, even after a strange man passed him, did not exercise ordinary care) *and Headley*, 610 S.E.2d at 103. Because a question of material fact exist as to whether Plaintiff exercised reasonable care, the Court **DENIES** Defendants' Motion for Summary Judgment [# 36].

## IV.   Conclusion

The Court **DENIES** Defendants' Motion for Summary Judgment [# 36]. The Court refers this case to the Court's Alternative Dispute Resolution Program. The Court **REFERS** this case to the Chief Magistrate Judge for assignment to a Magistrate Judge for mediation. The Court **STAYS** this case pending the completion of mediation. Within ten (10) days of completion of mediation, the parties shall file their Consolidated Pretrial Order.