BARNES, Presiding Judge,
concurring in part and dissenting in part.
I concur fully and completely with the majority in Division 2, disapproving the cases conflating the doctrines of quiet enjoyment and constructive eviction but finding no constructive eviction in this case. I fully join Presiding Judge Miller’s well-stated dissent to Division 1, as I am also unprepared to hold as a matter of law that opening the door at night automatically absolves a landlord of all responsibility for its failure to stem a pervasive crime wave or to effect adequate repairs. I write to further emphasize that, in addition to evidence that the management company breached its duty of ordinary care with its tepid response to the rampant crime wave on its property, a jury could also find that it breached its duty by making a substandard repair to George’s door after burglars kicked it in.
*858 Decided November 18, 2016
Reconsideration denied December 15, 2016
Deitch & Rogers, Gilbert H. Deitch, Andrew T. Rogers, Kara E. Phillips, W. Michael DAntignac; David H. Glass, for appellant.
Insley & Race, Brynda R. Insley, James P. Myers, Gregory Y. Shin, for appellee.
George presented evidence that the shoddy repairs made it difficult to lock the door and prevented him from throwing the deadbolt to secure the door against the invaders, who then pushed their way inside and shot him. Photographs of the door and strike plate taken by the police after the home invasion reveal just how badly the repair was made. The strike plate was crooked, was missing screws, and partially blocked the hole in the doorframe into which the deadbolt should seat. The deadbolt was the only lock on George’s front door; the knob was for a passage door, “like a closet,” and did not have a lock built into it.
Expert testimony is not required to determine whether the burglar wrap was installed in a way that could make it difficult for the bolt to seat into the doorframe. Determining whether the hole into which the deadbolt should seat is misaligned or partially blocked by a metal wrap is akin to a child determining whether a round block fits into a square hole. See Demarest v. Moore, 201 Ga. App. 90, 91-92 (410 SE2d 191) (1991) (alleged statement by police at local meeting that deadbolt was insufficient to prevent break-ins unless the hardware was secured to a structural member of doorframe with 3 1/2" screws was sufficient to create jury question where the deadbolt to plaintiff’s burgled apartment was attached with 3/8" and 1/2" screws). Whether that repair — which caused the deadbolt to become misaligned with the hole into which it should seat — caused or contributed to George’s inability to close and bar the door against the armed intruders is a question well within the ken of an ordinary juror.
For these reasons, as well as those expressed in Presiding Judge Miller’s dissent, I dissent in part to the majority opinion.
I am authorized to state that Presiding Judge Miller, Presiding Judge Phipps, and Judge McFadden join in this dissent.