68022, 68023. CHILDERS v. F. A. F. MOTOR CARS, INC. et al. (two cases).

POPE, Judge.

In October 1980 the car driven by appellant Velma Ramey Childers collided with a car driven by appellee Michael Meyer Azran, an employee of appellee F. A. F. Motor Cars, Inc. (F. A. F.). Each car sustained damage, and Mrs. Childers suffered personal injuries. In January 1982 F. A. F. filed suit against Mrs. Childers and her husband, appellant Fred Allan Childers, in the State Court of DeKalb County for property damage to its Ferrari automobile. The Childers counterclaimed for property damage to their own car, alleging the negligence of Azran and asserting that his negligence was imputable to F. A. F. under the doctrine of respondeat superior. In September 1982 the Childers filed suit against F. A. F. and Azran in Fulton Superior Court for the personal injuries allegedly suffered by Mrs. Childers as a result of the 1980 accident; Mr. Childers' claim was for loss of consortium. In April 1983 the state court property damage action in DeKalb County was tried to a jury. A verdict in favor of F. A. F. in the amount of $12,700 was returned and made the judgment of the court. F. A. F. and Azran then sought summary judgment in the Fulton County personal injury action on the basis of res judicata and estoppel by judgment. Summary judgment was granted and the Childers now appeal.

We reverse. OCGA § 51-1-32 creates separate causes of action for property damage and personal injury in cases "arising from the wrongful or negligent operation of a motor vehicle in which the single wrongful or negligent act causes or results in both physical injuries to a person and injuries to the property of such person. . . ." OCGA § 51-1-33 states in pertinent part: "If the two causes of action specified in Code Section 51-1-32 are tried separately, the fact that a settlement has been made or that a judgment has been rendered in the action for property damage shall not be admissible in evidence in the action for physical injuries to the person." The effect of the plain language of these two code sections is to make the doctrines of res judi-

cata and estoppel by judgment inapplicable to cases such as the one at bar arising from motor vehicle collisions in which personal injury claims and property damage claims are dealt with separately. See *Chance v. Hanson*, 160 Ga. App. 329 (3) (287 SE2d 57) (1981). Therefore, the trial court erred in granting summary judgment to appellees.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 18, 1984.

*Michael J. Gorby, Harold W. Whiteman, Jr.,* for appellant.
*John C. Parker, Edward L. Savell,* for appellees.