A95A1048. SOUTHERN GENERAL INSURANCE COMPANY
v. NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH.
(461 SE2d 574)

McMurray, Presiding Judge.

In 1988, Robin Ann McDaniel, an insured of plaintiff Southern General Insurance Company, was involved in a motor vehicle collision with a tractor-trailer operated by an employee of Gemini Transportation Services, Inc. and insured by defendant National Union Fire Insurance Company of Pittsburgh. Plaintiff paid McDaniel $5,000 in no-fault benefits and notified defendant of its subrogation rights. McDaniel sued defendant and its insureds and obtained a jury verdict in the amount of $15,000 upon which a judgment was entered. Plaintiff then brought this subrogation action against defendant. This appeal is taken from the grant of defendant's motion for summary judgment and from the denial of plaintiff's motion for summary judgment. *Held*:

Although the no-fault insurance laws were repealed in Ga. L. 1991, p. 1608, effective October 1, 1991, this action is governed by those now repealed statutes since the subrogation rights at issue became fixed at the time of the collision and were unaffected by the repeal. *Fire &c. Ins. Co. of Connecticut v. Govt. Employees Ins. Co.*, 213 Ga. App. 532, 533 (445 SE2d 338). Under the former OCGA § 33-34-3 (d) (1), insurers providing benefits without regard to fault were generally not subrogated to the rights of the person for whom benefits were provided; an exception provided under former OCGA § 33-34-3 (d) (1) (A) is applicable to this case since one of the vehicles in the collision underlying this case weighed more than 6,500 pounds unloaded.

Former OCGA § 33-34-3 (d) (1) (B) provided that the right of recovery and amount of recovery shall be determined on the basis of tort law between the insurers or self-insurers involved. The lack of specificity concerning the manner in which this right was to be enforced has resulted in this and previous litigation.

Defendant argues that plaintiff's subrogation rights were waived when it failed to intervene in its insured's tort action. This position is predicated in large part on two cases. First, in *U. S. Fidelity &c. Co. v. Carl Subler Trucking*, 800 F2d 1540 (11th Cir. 1986), the question addressed was "whether an insurer, entitled by way of subrogation to a claim for personal injury benefits paid its insured, may bring a separate suit against the defendant tortfeasor, previously sued for personal injury damages by the insured in an action where the insurer had the right to intervene but did not." Id. at 1541. In holding that such a claim could not prevail, the federal court relied on three points taken from Georgia law: that in asserting a subrogation right an in-

surer stands in the shoes of its insured; that Georgia personal injury law prohibits an injured party splitting its cause of action so as to bring a second action; and that an insurance company has an absolute right to intervene in the insured's action against the tortfeasor in order to protect its rights against the tortfeasor.

The final point underlying the federal decision is predicated on the second of the cases primarily relied upon by defendant. That case, *State Farm Mut. &c. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (271 SE2d 844), upholds the right of an insurer to intervene in the insured's action against the tortfeasor and also contains the statement that where an insurer "allowed this case to proceed to a judgment without asserting its right of subrogation by intervening as a party plaintiff, it could be argued that it waived its right of subrogation. [Cits.]" Id. at 454. This statement has been argued to represent authority supporting the waiver theory advocated here by defendant, and it is only relatively recent that the Supreme Court of Georgia has definitively rejected that hypothesis by noting that this statement was dictum. See *Prudential Commercial Ins. Co. v. Michigan Mut. Ins. Co.*, 261 Ga. 637, 639 (1) (410 SE2d 30).

Plaintiff maintains that *Prudential* is controlling in the case sub judice. In *Prudential*, the insurer did not intervene in its insured's action against the tortfeasor prior to the settlement of that case. Yet, no waiver was found to result from that choice by the insurer, and in so holding, the Supreme Court of Georgia strongly rejected the previously noted dictum in *State Farm*.

This brings us to the question of whether the difference in the facts between the case sub judice and *Prudential* is of any legal significance. That is, does the fact that in the present case the insured's action against the tortfeasor was resolved by verdict and judgment rather than settlement, as in *Prudential*, require a finding that the insurer's choice not to intervene has resulted in a waiver of subrogation rights here while not in *Prudential*. As we find no reasonable basis for such a distinction, we conclude that the present action is controlled by the decision in *Prudential*.

Being bound by the decisions of the Supreme Court of Georgia but not by those of a federal circuit court construing Georgia law, no further explanation of our rejection of the rationale in *U. S. Fidelity &c. Co.* is technically required. Yet, we note that we do not lightly disregard the analysis provided by a source we usually find to be highly persuasive. In this instance, however, we perceive a misunderstanding as to Georgia's statutory scheme of subrogation which functions between insurers so that the points of Georgia law stated in this federal decision, concerning a second action against a tortfeasor, are inapplicable to the case sub judice. In any event, the federal court subsequently turned to the Supreme Court of Georgia for guidance,

submitting the certified question which precipitated the *Prudential* decision.

The superior court erred in granting defendant's motion for summary judgment. The denial of plaintiff's motion for summary judgment was also error.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 25, 1995 —

*Wetzel & Associates, Michael L. Wetzel, Mary A. Miller*, for appellant.

*Dennis, Corry, Porter & Gray, William E. Gray II, Stephanie F. Goff*, for appellee.