## A96A1052. AMERICAN STATES INSURANCE COMPANY v. WALKER et al.
### (477 SE2d 360)

SMITH, Judge.

This case arises out of an automobile collision between a car owned by Robert Smith and driven by Terry Walker and a vehicle driven by James Waddell. In a previous action, Smith brought suit against Walker to recover property damage to his car. In his complaint, Smith alleged that Walker was operating the car without permission. Walker filed no answer, and a default judgment was entered in that suit.

Waddell and his wife then brought an action against Smith and Walker for personal injuries and loss of consortium. The Waddells served their uninsured motorist insurance carriers, Regal Insurance Company and Southern General Insurance Company, and the insurers answered in their own names. Southern General also filed a cross-claim against Walker. Walker did not file an answer, and the action went into default as to him. The parties stipulated their consent to opening the default as to Walker, and the trial court permitted the default to be opened.[1]

Attorneys for the UM carriers, acting in Walker's behalf, then filed an answer in Walker's name. They also filed, in Walker's name, a third-party complaint against Smith's liability insurance carrier, American States Insurance Company, seeking a declaration of coverage and a defense in the personal injury suit brought by the Waddells.[2] In the third-party action, Walker claimed he was entitled to coverage under Smith's policy because he was a permissive driver. American States answered and moved for summary judgment on the ground that the issue raised in the third-party complaint had been decided adversely to Walker in the prior property damage suit, and Walker was therefore estopped to relitigate it.

The trial court severed the third-party action from the underlying personal injury proceeding, and the third-party complaint proceeded to trial before a jury. American States moved for a directed verdict at the close of the third-party plaintiff's case and again at the

---

[1] Smith did not answer initially either, and the trial court permitted the default to be opened as to him as well. Smith's subsequent motion for summary judgment was granted by the court, however, on the Waddells' only claim against him — for negligent entrustment. That judgment was not appealed, and Smith is no longer a party to this action.

[2] Southern General later amended its pleadings to strike its cross-claim against Walker.

close of evidence. The jury returned a special verdict, finding in its answer to a special interrogatory that Terry Walker had a reasonable belief that he was entitled to use Robert Smith's car. Final judgment was entered thereon, and American States' motion for judgment notwithstanding the verdict or for a new trial was denied. This appeal ensued.

1. American States raises four enumerations of error, but the central issue in this appeal is whether collateral estoppel applies to preclude litigating in the third-party declaratory judgment action the issue of whether Walker believed he had permission from Smith to use the car. We hold that it does, and we reverse the judgment.

(a) Collateral estoppel precludes the relitigation of issues "already adjudicated between the parties or their privies in a prior action." (Citations and punctuation omitted.) *Block v. Woodbury*, 211 Ga. App. 184, 185 (1) (438 SE2d 413) (1993). No question exists that the issue of whether Walker had permission was "adjudicated" in the prior action. "A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment." (Citations and punctuation omitted.) *Stroud v. Elias*, 247 Ga. 191, 193 (1) (275 SE2d 46) (1981). Smith's complaint in the prior case expressly alleged that Walker did not have permission to drive the car.

(b) We agree with American States that this suit also involves the same parties or their privies because American States, as Smith's insurer, stands in his shoes in this action. *Southern Gen. Ins. Co. v. Nat. Union Fire Ins. Co. &c.*, 218 Ga. App. 400 (461 SE2d 574) (1995). Even were that not true, however, the modern trend in applying the doctrine of collateral estoppel is to restrict the privity requirement to the party against whom the plea is asserted. *Green v. Thompson*, 208 Ga. App. 609, 610 (431 SE2d 390) (1993). In this case, it is being asserted against Walker, who is bound by the judgment in the prior action.

(c) Walker correctly asserts that in order to preclude relitigation, this issue must also have been *essential* to the prior judgment. *Kent v. Kent*, 265 Ga. 211 (1), n. 2, 212 (452 SE2d 764) (1995). Viewing only the bare pleadings in the prior action, it would seem, as urged by Walker, that lack of permission was not essential to the judgment in the prior action. From the face of the pleadings, it appears that the only essential allegations in that action between Smith and Walker were those of negligence, proximate cause, and the amount of property damage.

The record in *this* case reveals, however, that the prior action

was not simply an action on a claim for property damage between Smith and Walker. As acknowledged by Walker's own attorney, that action was in fact a subrogation action against Walker prosecuted by Smith's insurer, American States. The allegation that Smith did not give Walker permission to drive his car was essential to protect American States' subrogation rights against Walker, and it was purposefully included in the allegations of the complaint for that reason.

Moreover, when the prior judgment is a default judgment it will almost always be difficult, if not impossible, to determine in retrospect which allegations of the unanswered complaint were "essential." Notice pleading does not require that the plaintiff elaborate on the reasons for, the essential nature of, or the necessity for the particular allegations included in the complaint. We are deprived of any trial testimony to flesh out the "bones" of the allegations in the complaint and permit us to determine which of those allegations were "essential." As a result, it could be argued reasonably that the requirement that issues be "essential" to the judgment in order to preclude relitigation may not have application to prior judgments by default. But we need not decide so broad a question here. Under the circumstances in this case, given that the prior judgment was by default and that the issue of permission was necessary to preserve the insurer's subrogation rights, we hold that the allegation that Walker lacked permission was essential to the prior judgment. It may not be relitigated in this action.

(d) Contrary to Walker's assertion, no material *facts* have changed, thereby precluding the application of the doctrine of collateral estoppel. A prior judgment binds only as to facts in issue and events existing at the time of the prior judgment, and it does not prevent relitigating an issue if in the interim material facts have changed, altering the relations or rights of the litigants. *King v. Plummer*, 196 Ga. App. 711, 712 (1) (397 SE2d 5) (1990). The material facts in this case occurred on the date of the collision. The Waddells' filing of an action seeking damages for personal injury is not a new event that alters the relations of these litigants; it depends upon the same operative facts. See generally *Caswell v. Caswell*, 162 Ga. App. 72 (290 SE2d 171) (1982).

(e) In its order denying American States' motion for summary judgment, the trial court ruled that the default judgment in the prior action "established [only] a prima facie case that [Walker] did not have permission to drive the vehicle. Walker could have come forward with evidence to rebut this fact, which he has not done." Walker seizes upon this language, and upon similar general language in *Southern Gen. Ins. Co. v. Davis*, 205 Ga. App. 274 (421 SE2d 780) (1992), relied upon by the trial court, to argue that the prior action established only a prima facie case that Walker did not have permis-

sion to drive Smith's car. He argues that in this third-party action, therefore, Walker could and did properly rebut that prima facie showing by testifying at trial that he had permission from Smith to drive the car.

Assuming that Walker correctly interprets the trial court's order, we are unable to agree with the trial court's interpretation of *Davis*. Such an interpretation would mean that a party could fail to answer any suit, have a judgment entered against him, and then relitigate with impunity any fact issue alleged in the complaint. This cannot be true. Moreover, that is not what was held in *Davis*. In *Davis*, the phrase "prima facie" is used in reference to statements in a party's brief that are not controverted by the other party, not to facts established in a prior action. Under the rules of this Court, statements in a party's brief that are not controverted are " 'accepted . . . as being prima facie true.' " (Citations omitted.) Id. at 276. *Davis* does not serve as authority for Walker's contention that he may relitigate a fact established in the prior judgment.

(f) Walker's argument that American States' assertion of collateral estoppel violates OCGA §§ 51-1-32 and 51-1-33 is equally without merit. Those statutes create separate causes of action for property damage and personal injury *to the same person*. The statutes provide that if the two causes of action belonging to that person are tried separately, res judicata and collateral estoppel do not apply. *Childers v. F.A.F. Motor Cars*, 171 Ga. App. 232 (319 SE2d 90) (1984). This action is not a personal injury action by Smith against Walker, which would have triggered the rule in *Childers* derived from OCGA §§ 51-1-32 and 51-1-33. The trial court severed the third-party action; this action is therefore simply a declaratory judgment action involving coverage issues. Moreover, the prior action did not involve the Waddells. OCGA §§ 51-1-32 and 51-1-33 do not apply here.

Because the issue of whether Walker had permission to use Smith's car was decided in the prior case and could not be relitigated here, the trial court erred in denying American States' motions for directed verdict and j.n.o.v.

2. Our holding in Division 1 renders moot American States' remaining enumerations of error.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 15, 1996 —

*Chambless, Higdon & Carson, Joseph H. Chambless, Jon C. Wolfe*, for appellant.

*Reynolds & McArthur, Oliver W. Horne III*, for appellees.