**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 95-9603

_____

D.C. Docket No. CV-494-10

COLONIAL OIL INDUSTRIES, INC.,
COLONIAL TERMINALS, INCORPORATED,

Plaintiffs-Counter-Defendants-
Appellees-Cross-Appellants,

versus

UNDERWRITERS SUBSCRIBING TO
POLICY NOS. TO31504670 AND TO31504671,

Defendants-Counter-Claimants-
Appellants-Cross-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(January 26, 1998)**

Before HATCHETT, Chief Judge, BIRCH, Circuit Judge, and CLARK, Senior Circuit
Judge.

HATCHETT, Chief Judge:

In our prior opinion in this case, Colonial Oil Indus., Inc. v. Underwriters

Subscribing to Policy Nos. TO31504670 and TO31504671, 106 F.3d 960, 966 (11th Cir.

1997), we certified the following questions to the Supreme Court of Georgia:

1)      Does an insurer have a duty to conduct a reasonable
        investigation of facts outside those presented in the complaint,
        or otherwise presented to the insurer by its insured, prior to
        determining whether to defend a claim brought against the
        insured?

2)      To what extent does Georgia law estop an insurer from raising
        coverage defenses after the insurer, without performing an
        investigation into the third-party's allegations, seeking a
        declaratory judgment, or stipulating to a reservation of rights,
        refuses to defend the insured?

The Supreme Court of Georgia has answered the first certified question as follows:

> [W]hen the complaint on its face shows no coverage, but the
> insured notifies the insurer of factual contentions that would
> place the claim within the policy coverage . . . the insurer has
> an obligation to give due consideration to its insured's factual
> contentions and to base its decision on "true facts." [Loftin v.
> United States Fire Ins. Co., 127 S.E.2d 53, 59 (1962).] The
> requirement that an insurer base its decision on true facts will
> necessitate that the insurer conduct a reasonable investigation
> into its insured's contentions. . . . An insurer who fails to
> investigate its insured's contentions and refuses a defense will
> be liable for a breach of the duty to defend if a reasonable
> investigation at the time would have established the potential
> for coverage. . . .
>
> According to the district court's summary judgment order,
> Underwriters denied coverage because the allegation in the
> Gay complaint that the material contained "waste" and
> "pollution" fell within certain policy exclusions. The district
> court found as a matter of fact, however, that Colonial
> informed Underwriters of its position that the dredge material
> did not contain waste or pollution. The district court correctly

2

held that this triggered [Underwriters'] duty to investigate. Because the district court also found that a reasonable investigation would have revealed the possible existence of coverage, Underwriters breached its duty to defend.

Colonial Oil Indus., Inc. v. Underwriters Subscribing to Policy Nos. TO31504670 and TO31504671, 491 S.E.2d 337, 338-39 (Ga. 1997) (footnotes and citations omitted).

The Supreme Court of Georgia has answered the second certified question as follows:

> The second certified question concerns the insurer's right to raise policy defenses to coverage after it has made an unjustified refusal to defend. The Georgia Court of Appeals held in McCraney v. Fire and Cas. Ins. Co., [357 S.E.2d 327 (1987)] that the insurer is not estopped to raise policy defenses. The rationale for this rule is that when the insurer breaches the contract by wrongfully refusing to provide a defense, the insured is entitled to receive only what it is owed under the contract -- the cost of defense. The breach of the duty to defend, however, should not enlarge indemnity coverage beyond the parties' contract. . . . Therefore, in this case, Underwriters may raise its policy defenses to coverage.

Colonial, 491 S.E.2d 337, 339 (Ga. 1997) (footnotes and citations omitted).

Although the district court correctly concluded that the Underwriters breached their duty to defend, the court erred in holding that the Underwriters were estopped from raising policy defenses to coverage. Accordingly, we reverse the district court's grant of summary judgment in Colonial's favor and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

3