A98A0516. THOMAS v. INTERNATIONAL INDEMNITY COMPANY.
(502 SE2d 512)

Judge Harold R. Banke.

Elizabeth Lewis Thomas appeals the trial court's order granting International Indemnity Company ("IIC") a declaratory judgment and its denial of her motion for new trial.

This case arose from an automobile collision involving Thomas and a car driven by Charles Finney and owned by James Russell

Lipford d/b/a P & L Motors ("P & L Motors"), IIC's insured. At the time, Lipford's car was being repaired by Charles Burlie d/b/a Charles' Auto Repair. At the time of the collision, 9:00 a.m., Finney, an intermittent employee of Charles' Auto Repair, was intoxicated and did not possess a valid license.

Thomas sued Burlie d/b/a Charles' Auto Repair ("Burlie") and Finney, alleging that Finney was Burlie's employee and was driving with permission within the scope of his employment. The complaint alleged negligence and negligent entrustment. Thomas sought $3,653.45 in medical specials, the total value of her 1981 Oldsmobile, future medical expenses, compensation for pain and suffering and punitive damages. When neither Burlie nor Finney answered Thomas' complaint, Thomas obtained default judgments against them.

IIC brought the underlying declaratory judgment action after Thomas claimed that Lipford's policy covered the collision. IIC denied coverage. Thomas argued that the default collaterally estopped IIC from denying that Finney acted without permission. The trial court held that IIC was not obligated to provide liability coverage or a defense for the damages Finney caused. *Held*:

1. Thomas claims the trial court improperly denied her motion for directed verdict, arguing that the default judgment against Burlie established that Finney was driving with permission. We disagree.

The policy at issue required the insured's permission. There is no evidence that Lipford or anyone from P & L Motors gave Finney permission to drive. Thus, the issue of coverage was never adjudicated. Compare *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (477 SE2d 360) (1996).[1] The fact that Burlie was collaterally estopped from denying that he gave Finney permission to drive failed to establish coverage.

2. The trial court properly denied Thomas' motion for new trial. Assuming solely for the sake of argument that Finney had proper permission to drive the car, the policy nevertheless provided no coverage. The policy covered permissive users except for "[s]omeone using a covered 'auto' while he or she is working in a business of selling, servicing, repairing, parking or storing 'autos' unless that business is your 'garage operations.'" This language specifically excludes situations where a covered automobile is being repaired by another entity on its premises.

The vehicle at issue was indisputably in Burlie's possession for repairs. Nothing in the record supports Thomas' contention that Charles' Auto Repair was P & L Motors' "garage operation." On the

---

[1] Nor did the default judgment involve the same parties or their privies. Id.

contrary, the policy limited coverage to garage operations located at P & L Motors' address. Further, the record shows that P & L Motors and Charles' Auto Repair were totally separate entities. Charles' Auto Repair was not even P & L Motors' exclusive provider of repair services. In fact, the record shows that P & L Motors made certain repairs at a garage on its own facility. In these circumstances, where the policy clearly did not provide coverage, a new trial is inappropriate. *Beasley v. Paul*, 223 Ga. App. 706, 707 (1) (478 SE2d 899) (1996).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 19, 1998.

*Adams & Jordan, Virgil L. Adams*, for appellant.
*Miller & Towson, Peter R. Cates, Joel A. Howe*, for appellee.