A00A1890. ATLANTA CASUALTY INSURANCE COMPANY
v. GARDENHIRE.
(545 SE2d 182)

POPE, Presiding Judge.

Wanda Gardenhire was injured on October 28, 1997, when a 1993 Dodge Spirit ran into the rear of her vehicle. After the collision, the Dodge left the scene. Two eyewitnesses told police that a man was driving the car at the time of the collision, and one of the witnesses identified Michael D. McKinney as the driver. Further investigation revealed that the Dodge was owned by McKinney's roommate, Bridgett Westbrook, and insured by Atlanta Casualty Insurance Company. McKinney was an excluded driver under the policy pursuant to a "Named Driver Exclusion Agreement" Westbrook signed in connection with her insurance application. Despite the eyewitness testimony, Westbrook came forward to identify herself as the driver and subsequently entered a plea of nolo contendere to charges of driving too closely and leaving the scene of the accident. Atlanta Casualty asserts that Westbrook's plea was an attempt to "take the fall" for McKinney and notes that at one point a warrant for obstruction of law enforcement was taken out against her.

After receiving notice of the collision, Atlanta Casualty undertook its own investigation pursuant to the policy's reservation of

---

rights provision. The insurance company denied coverage, stating that its investigation revealed that McKinney was the driver and he was specifically excluded from coverage. It also denied coverage to Westbrook on the ground that she had made fraudulent statements and engaged in fraudulent conduct when she said she was driving the car at the time of the collision. And when Gardenhire subsequently sued Westbrook and McKinney for her injuries, Atlanta Casualty notified Westbrook that it would not provide her with a defense to the lawsuit.

Gardenhire's suit asserted alternative claims against both possible drivers, McKinney and Westbrook. On September 15, 1999, a jury returned a verdict against only Westbrook in the amount of $45,000, plus interest. The jury affirmatively found that Westbrook, and not McKinney, was driving the car at the time of the collision.

Following the jury verdict, Westbrook assigned her claims against Atlanta Casualty to Gardenhire. Gardenhire filed suit directly against Atlanta Casualty, seeking recovery of damages in the amount of $45,000, and moved for summary judgment. The trial court granted Gardenhire's motion, and Atlanta Casualty appeals.

1. Atlanta Casualty enumerates a number of errors with regard to the grant of summary judgment. In essence, it asserts that it should be entitled to litigate its defenses to coverage under Westbrook's policy, and thus summary judgment was improper. We agree that Atlanta Casualty is not prevented from asserting defenses to coverage merely by deciding not to defend Westbrook in Gardenhire's action. See *Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. &c.*, 268 Ga. 561, 563 (4) (491 SE2d 337) (1997). But because we conclude that Atlanta Casualty cannot successfully assert its defenses to coverage, we affirm the trial court's grant of summary judgment to Gardenhire.

Atlanta Casualty asserts two bases for denying coverage: (1) that McKinney was an excluded driver under the policy and (2) that its insured, Westbrook, attempted to defraud them by claiming that she, and not McKinney, was driving the car. But to succeed on either one of these defenses, Atlanta Casualty must necessarily prove that McKinney, and not Westbrook, was driving. And a jury has already found that Westbrook was driving the car at the time of the accident, and that finding was incorporated into the final judgment of Gardenhire's claim against Westbrook. Because Atlanta Casualty stands in privity with Westbrook as to that claim, it is bound by the prior factual finding and judgment. *American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (b) (477 SE2d 360) (1996).

The doctrine of collateral estoppel precludes the readjudication of an issue of law or fact already adjudicated between the parties or their privies, where that issue is essential to the judgment. *Kent v.*

*Kent,* 265 Ga. 211 (1) (452 SE2d 764) (1995). It cannot be disputed that the issue of who was driving the car was essential to the judgment in Gardenhire's suit against Westbrook and McKinney, as it determined which of the two defendants was liable. "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties [or their privies] in any future lawsuit." (Citation and punctuation omitted.) *Sullivan v. State,* 235 Ga. App. 768, 769 (510 SE2d 136) (1998).

Atlanta Casualty argues that its defense of fraud has never been adjudicated and thus asserts that it should be allowed to present evidence regarding that issue. But the crucial underlying fact to support the defense has been adjudicated, and the jury found in Gardenhire's favor. Atlanta Casualty, therefore, is estopped from relitigating the issue: "[C]ollateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as a part of a different claim." (Citation and punctuation omitted.) *Gen. Elec. Capital Computer Svcs. v. Gwinnett County Bd. of Tax Assessors,* 240 Ga. App. 629, 630-631 (1) (523 SE2d 651) (1999). See also *Great Atlantic Ins. Co. v. Morgan,* 161 Ga. App. 680, 682 (288 SE2d 287) (1982) (insurance company precluded from asserting insured's fraud in subsequent action).

To avoid this result, Atlanta Casualty could have followed the " 'procedurally safe course' of providing a defense under a reservation of rights and filing a declaratory judgment action to determine its obligations." *Colonial Oil,* 268 Ga. at 562. Because it chose not to do so, however, it is bound by the prior judgment. "A judgment of a court having jurisdiction of both the parties and the subject-matter, however irregular or erroneous, is binding until set aside." (Citation and punctuation omitted.) *Matthews Group & Assoc. v. Wages,* 180 Ga. App. 151, 152 (2) (348 SE2d 695) (1986). See also OCGA § 9-11-60.

2. Atlanta Casualty argued below and also before this court that its liability does not extend to the full amount of the judgment against Westbrook. The insurance company asserts that its exposure is limited to the costs Westbrook incurred in defending against Gardenhire's claim and certainly cannot extend beyond the policy limits.

But because Atlanta Casualty can assert no valid defense to coverage, it necessarily is liable to Gardenhire at least to the extent of the policy limits. And under circumstances such as this, where an insurance company fails to offer a defense, it may be liable to its insured beyond the policy limits to the full amount of the judgment. See *Leader Nat. Ins. Co. v. Kemp & Son, Inc.,* 259 Ga. 329, 330 (380 SE2d 458) (1989); *Leader Nat. Ins. Co. v. Smith,* 177 Ga. App. 267,

278-279 (2) (339 SE2d 321) (1985). Here, Gardenhire stands in the shoes of the insured and thus may be entitled to recover an amount in excess of the policy limits. Nevertheless, we agree with Atlanta Casualty that a jury question exists as to the extent of its liability. Accordingly, we reverse the trial court's grant of summary judgment on this ground and remand for further proceedings on this issue.

*Judgment affirmed in part and reversed in part. Miller and Mikell, JJ., concur.*

DECIDED FEBRUARY 14, 2001.

*Allgood, Childs & Mehrhof, Richard R. Mehrhof, Jr.*, for appellant.

*Bell & Bell, David B. Bell*, for appellee.