[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 9, 2005
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-11098
Non-Argument Calendar

_____

D. C. Docket No. 03-03094-CV-JTC-1

LISA KAY STEPHENS,

Plaintiff-Appellant,

versus

STATE FARM FIRE AND CASUALTY COMPANY.,
STATE FARM MUTUAL INSURANCE CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 9, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Lisa Kay Stephens, proceeding pro se, appeals (1) the district court's denial of her motion to remand her action to state court, and (2) the district court's grant of State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company's (collectively "State Farm") motion to dismiss based on the finding that her claims were barred by collateral estoppel. Stephens filed the instant complaint in the Superior Court of Rockdale County, Georgia ("Rockdale Superior Court") against State Farm, alleging that, during discovery for a previous action, State Farm had fraudulently and in bad faith failed to disclose a liability policy that provided coverage for Stephens's automobile accident.

On appeal, Stephens first argues that the district court erred by refusing to grant her motion to remand. Specifically, Stephens asserts that (1) because she and State Farm both were citizens of Georgia, and her complaint alleged the violation of Georgia statutes, this case properly was filed in the Rockdale Superior Court; and (2) State Farm's notice of removal was not timely filed because State Farm failed to file page 3 of her complaint or a copy of Exhibit "A" to her complaint within 30 days of receiving service of her complaint. She also contends that State Farm was in default because it failed to file an answer to her complaint in either Rockdale Superior Court or the district court.

We review the district court's "denial of a motion to remand de novo." Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2002). A defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based upon diversity of citizenship. See 28 U.S.C. § 1332. Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000. Id. For purposes of § 1332, a corporation is a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). A defendant seeking to remove a civil action from a state court must file a notice of removal in the United States district court for the district and division within which such action is pending, containing a short and plain statement of the grounds for removal and a copy of all process, pleadings, and orders served upon it relating to the underlying action. 28 U.S.C. § 1446(a). "The notice of removal . . . shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant,

3

whichever period is shorter." 28 U.S.C. § 1446(b).

Because the district court had original diversity jurisdiction over the instant action, and State Farm timely filed its notice of removal, the district court did not err by denying Stephens's motion to remand the instant action to the Rockdale Superior Court. State Farm, under § 1332(c)(1), was a citizen of Illinois because it was incorporated under the laws of Illinois and had its principal place of business there. Thus, the district court had diversity jurisdiction because State Farm and Stephens were citizens of different states and the amount in controversy exceeded $75,000. Additionally, although Stephens contended that State Farm's notice of removal was not timely filed under § 1446 because State Farm did not file page 3 of her complaint and failed to file a copy of Exhibit "A" to her complaint within 30 days of receiving service of her complaint, this will not defeat removal. State Farm filed its initial notice of removal on October 10, 2003, within thirty days of receiving service of Stephens's complaint, these documents had no bearing on the district court's jurisdiction, and this Court has held that although a party failed to file all the necessary papers with the district court under § 1446, removal was proper. Covington v. Indemnity Ins. Co., 251 F.2d 903, 932-33 (5th Cir. 1958).[1]

_____

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

Stephens's argument that State Farm is in default for failing to file an answer to her complaint is without merit. Under Fed.R.Civ.P. 81(c), State Farm had five days, after filing the petition for removal on October 10, 2003, within which to either "answer or present the other defenses or objections available." Due to the intervening Columbus Day holiday and weekends, State Farm had until October 20th to file its response to Stephens's complaint. Fed.R.Civ.P. 6(a) (stating that, in calculating a time period of less than 11 days, a party need not count legal holidays or weekends). State Farm filed its motion to dismiss on October 20, 2003. Therefore, Stephens is not entitled to a default judgment.

Stephens also appears to argue that, because her complaint involved new issues of "bad faith" that had never been heard by any court, the district court erred by finding that her claims were barred by collateral estoppel. "We review the district court's ruling on a motion to dismiss de novo." Shields v. Bellsouth Advertising and Pub. Co., Inc., 228 F.3d 1284, 1288 (11th Cir. 2000). We also review de novo the district court's determination that a claim is barred on the basis of collateral estoppel. E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004), petition for cert. filed, (U.S. March 23, 2005) (No. 04-1292). A federal court "give[s] preclusive effect to the judgment of a state court provided

5

that two conditions are met: first, that the courts of the state from which the judgment emerged would do so themselves; and second, that the litigants had a 'full and fair opportunity' to litigate their claims and the prior state proceedings otherwise satisfied 'the applicable requirements of due process.'" Shields, 228 F.3d at 1288.

In considering whether to give preclusive effect to a state court judgment, the district court must apply state law. Vazquez v. Metropolitan Dade County, 968 F.2d 1101, 1106 (11th Cir. 1992). Under Georgia law:

> [c]ollateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. . . . [U]nlike res judicata, collateral estoppel does not require identity of the claim – so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

General Elec. Capital Computer Servs. v. Gwinnett County Bd. of Tax Assessors, 523 S.E.2d 651, 653 (Ga. App. 1999).

The district court did not err by granting State Farm's motion to dismiss based on the finding that Stephens's claims were barred by collateral estoppel. In the instant action, Stephens claimed that during discovery for a previous action State Farm had fraudulently and in bad faith failed to disclose a liability policy issued to its insured that provided coverage for her automobile accident and would

6

satisfy a judgment that the state court had granted her. In the previous action that Stephens filed against the insured, the Rockdale Superior Court determined that the only applicable insurance coverage for the van involved in Stephens's car accident was the $50,000 individual policy issued to Hudson, the driver of the van. The Court of Appeals of Georgia affirmed the state court's findings. In a motion to set aside the judgment by the Rockdale Superior Court on the grounds of mistake or fraud, Stephens claimed that State Farm and the insured had failed to disclose the $500,000 liability policy issued to the insured. The Rockdale Superior Court denied Stephens's motion, finding that the documents on which Stephens's claim was predicated were produced in prior discovery. Because State Farm was in privity with its insured, it was entitled to the benefit of those rulings. See American States Ins. Co. v. Walker, 477 S.E.2d 360, 362 (Ga. App. 1996) (holding that with respect to the doctrine of collateral estoppel, the insurer stands in the shoes of the insured as to the identity of parties or privies). Accordingly, because the issue that Stephens raised in the instant action already had been adjudicated on the merits in a previous action between Stephens and a privy to State Farm, her action is barred by collateral estoppel.

Because the issue that Stephens raised in the instant action already had been adjudicated on the merits in a previous action between Stephens and a privy to

7

State Farm, the district court did not err by granting State Farm's motion to dismiss based on the finding that Stephens's claims were barred by the doctrine of collateral estoppel. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2] Stephens's motion to file a supplemental reply brief is denied.