**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2024. KHAN v. LANDMARK AMERICAN INSURANCE COMPANY.

MCFADDEN, Judge.

This appeal is from summary judgment rulings by the trial court in a case involving a dispute over insurance coverage arising from a shooting. Because the case was properly transferred from state to superior court and because the trial court correctly ruled that there exist genuine issues of material fact as to the identity and motive of the shooter, we affirm those rulings. However, because the trial court erred in concluding that damages for the insurer's breach of the duty to defend its insured in an underlying action are necessarily capped by the policy limit, we reverse that ruling.

The record shows that on November 4, 2006, Jamil Khan was shot with a firearm while in the parking lot of Flashers nightclub. Khan filed a lawsuit against 6420 Roswell Road, Inc. d/b/a Flashers, alleging, among other things, that he was shot by or at the direction of an employee of Flashers acting in the course and scope of Flashers' business. Flashers requested that its insurer, Landmark American Insurance Company, provide a defense to the suit pursuant to its policy. The policy excludes bodily injury claims arising from an assault and/or battery unless the assault and/or battery was committed by a Flashers employee while trying "to protect persons and/or property." Landmark refused to defend the action, stating that the incident was not covered by the policy. After Flashers failed to comply with discovery, Khan obtained a default judgment against Flashers and was awarded approximately $2.3 million in damages.

Thereafter, as part of a settlement agreement, Flashers assigned to Khan its claims against Landmark arising out of Landmark's failure to defend Flashers in the premises liability lawsuit or to provide insurance coverage. Khan, as assignee of Flashers, filed the instant action against Landmark in the state court of DeKalb County, asserting, among other things, a claim for breach of the contractual duty to defend. Landmark filed a motion to dismiss, while Khan moved for partial summary

2

judgment on the issue of Landmark's liability for breaching its duty to defend Flashers in the underlying premises liability suit. The trial court denied Landmark's motion to dismiss, but granted partial summary judgment to Khan on the issue of liability for failure to defend. Landmark appealed, and this court affirmed the rulings. *Landmark American Ins. Co. v. Khan*, 307 Ga. App. 609 (705 SE2d 707) (2011).

On remand, the state court transferred the case to the superior court of DeKalb County. The parties subsequently filed cross-motions for partial summary judgment, which the trial court ruled on in two separate orders. In the first, the trial court granted Landmark's motion for summary judgment as to claims for common law bad faith and attorney fees under OCGA § 13-6-11. Among other things, the trial court held that "the default judgment in the ancillary [premises liability] case does not preclude the Defendant from contesting the identity or motive of the shooter." In the second partial summary judgment order, the trial court ruled that Landmark's "breach of its duty to defend does not subject [it] to liability exceeding the policy limits set in the insurance policy obtained by Flasher[s], which is the amount of the insurance policy's assault and battery exclusion endorsement, $100,000." Khan appeals.

1. *Transfer*.

Contrary to Khan's argument, the state court did not err in transferring the case to the superior court. It is undisputed that the insurance policy at issue in this case is a surplus line contract governed by OCGA § 33-5-1 et seq. As mandated by OCGA § 33-5-34 (a), an action against an insurer under such a surplus line contract pursuant to this chapter "*shall* be brought . . . in the *superior court* of the county in which the cause of action arose." (Emphasis supplied.) Khan's contention that this is merely a venue statute, rather than jurisdictional, is incorrect. The code section plainly establishes that mandatory jurisdiction for such actions is in superior court, and that the proper venue is in the superior court of the county where the cause of action arose. Thus, the "transfer [of] the case to superior court . . . was required by Article VI, Section I, Paragraph VIII of the Georgia Constitution, which provides, under the heading 'Transfer of Cases,' that 'any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.'" *Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369, 371 (667 SE2d 348) (2008) (punctuation omitted). See also Uniform State Court Rule 16 and Uniform Superior Court Rule 19.1 (both providing that a motion in a pending action that jurisdiction is lacking or that venue is improper is treated as a motion to transfer the action to another court, and upon transfer the action shall continue in the

4

transferee court as though initially commenced there). Accordingly, the case was properly transferred to superior court.

2. *Landmark's liability under the policy.*

Khan contends that the trial court erroneously denied his motion for partial summary judgment by finding that genuine issues of material fact exist as to Landmark's liability under the insurance policy issued to Flashers. Specifically, Khan challenges the trial court's finding that the default judgment in the prior premises liability case does not preclude Landmark from contesting the identity or motive of the shooter. We disagree.

By refusing to defend Flashers in the underlying case that resulted in a default judgment, Landmark

> did not waive its right to contest [Khan's] assertion [in this case] that the insurance policy provides coverage for the underlying claim. Obviously, if the underlying claim is outside the policy's scope of coverage, then [Landmark's] refusal to indemnify or defend was justified and it is not liable to make payment within the policy's limits. This question of whether the policy provides coverage for the claim is separate from the legal consequences of an insurer's refusal to indemnify or defend.

*Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674, 676-677 (2) (605 SE2d 27) (2004) (citations omitted). See also *McGregor v. Columbia Nat. Ins. Co.*, 298 Ga. App. 491, 494 (1) (680 SE2d 559) (2009) (insurer's election not to defend its insured

5

does not waive its right to contest a claim of entitlement to recovery under the policy because duty to defend and duty to pay are independent obligations).

As noted above, the policy at issue expressly excludes bodily injury claims arising from an assault and/or battery *unless* the assault and/or battery was committed by a Flashers employee while trying "to protect persons and/or property." Thus, as Khan acknowledges, for his injuries to be covered by the policy, he has to prove that the shooting was committed by a Flashers employee who was trying to protect persons and/or property. Conversely, Landmark may contest that claim of coverage by showing that the shooting was not committed by a Flashers employee trying to protect persons and/or property.

With regard to the identity of the shooter, Khan is correct that the default judgment in the prior lawsuit established the fact that the shooter was a Flashers employee because Khan's complaint in that suit expressly made such an allegation.

> A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment.

6

*American States Ins. Co. v. Walker*, 223 Ga. App. 194, 195 (1) (a) (477 SE2d 360) (1996) (citation and punctuation omitted). Moreover, collateral estoppel precludes the relitigation of issues already adjudicated between the parties or their privies in a prior action. Id. Landmark, as Flashers' insurer, stands in its shoes. Id. at 195 (1) (b). Accordingly, in this case, the fact that the shooter was a Flashers employee may not be contested by Landmark and relitigated. See *Atlanta Cas. Ins. Co. v. Gardenhire*, 248 Ga. App. 42, 44 (1) (545 SE2d 182) (2001).

However, the specific identity of the employee who was the shooter was not alleged in the complaint of the prior suit and thus was not adjudicated by the default judgment. Consequently, while the fact that the shooter was a Flashers employee may not be relitigated, the specific identity of the employee who was the shooter is not precluded by collateral estoppel and may be contested by Landmark in this case. See *American States*, supra at 195 (1) (a) (facts not pleaded are not admitted by a default judgment). Likewise, the issue of whether that employee/shooter was trying to protect persons and/or property also was not alleged in the prior complaint and has not been adjudicated, and therefore that issue also may be contested by Landmark in the instant case. Id.

7

With regard to this latter issue concerning the shooter's motives, Khan argues that he has pointed to evidence in the record establishing without question that the unidentified shooter's motive was to protect persons or property. However, the evidence he cites does not resolve that issue. Rather, the evidence shows merely that Flashers' owner claimed that he and his management team had an unwritten policy between themselves that no employee was authorized to use force unless it was necessary to protect persons or property, and a Flashers manager speculated that there would be no reason for an employee to use force other than to protect persons or property. This claim of an unwritten policy and speculation by the manager simply do not establish as a matter of law that the person who shot Khan necessarily did so only to protect persons and/or property, especially since the specific identity of the shooter has not been established and is still in dispute. Because there remain genuine issues of material fact as to the identity of the employee who shot Khan and whether the shooting was committed to protect persons and/or property, the trial court did not err in denying Khan's motion for partial summary judgment. See OCGA § 9-11-56 (c).

3. *Damages.*

Khan asserts that the trial court erred in ruling that damages for the claim that Landmark breached its duty to defend Flashers in the prior suit may not exceed the policy's coverage limit of $100,000. We agree.

In *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267 (339 SE2d 321) (1985), "default judgments were entered, to the prejudice of insured, far above the policy limits the insurer would otherwise have been obligated to pay." Id. at 279 (2) (citations omitted). Given those judgments, this court addressed the question of "whether the full amount of the judgments can be recovered when the insurer fails to defend under an obligation to do so[, o]r, on the other hand, is [the insurer] protected by the policy limits?" Id. at 277 (2). This court concluded that the insurer was not necessarily protected by the policy limits, and whether the full amount of the judgments was recoverable was a jury question that depended upon what damages were found to flow from breach of the contractual duty to defend. Id. at 279-280 (2). In a subsequent appeal of the case, the Georgia Supreme Court affirmed the trial court's judgment, noting with approval this court's conclusion that recovery beyond the policy limits was a jury question depending on what damages flowed from the breach of the duty to defend. *Leader Nat. Ins. Co. v. Kemp & Son*, 259 Ga. 329, 330-331 (380 SE2d 458) (1989).

Thereafter, the Georgia Supreme Court, citing its opinion in *Leader*, further explained the difference in possible damages for a failure to defend claim brought by an insured as opposed to the same claim brought by an injured victim:

> When the plaintiff is the *insured* seeking to recover for the insurer's breach of its contractual duty to defend, there is a factual question whether the breach may have caused the plaintiff to be exposed to greatly increased liability to the injured party. [Cit.] However, when the *injured victim* sues the insurer for the insurer's failure to defend an insured tortfeasor, the plaintiff is hard-pressed to establish the harm the plaintiff has suffered as a result of the insurer's failure to defend the tortfeasor, since, even if the insurer had done its duty, its maximum liability to the *injured victim* would have been the limits of the insurance policy.

*Georgia Farm Bureau Mut. Ins. Co. v. Martin*, 264 Ga. 347, 350-351 (3) (444 SE2d 739) (1994) (emphasis supplied).

In the instant case, Khan is not suing Landmark for breach of its duty to defend Flashers as the injured victim. Rather, he is "suing as assignee[] of the insured [Flashers], and [therefore], there is a factual question whether the breach may have caused the [insured] to be exposed to greatly increased liability[.]" *Driskell v. Empire Fire &c. Co.*, 249 Ga. App. 56, 62 (3) (547 SE2d 360) (2001) (citation omitted). Indeed, under such circumstances, "where an insurance company fails to offer a defense, it may be liable to its insured beyond the policy limits to the full amount of

10

the judgment. Here, [Khan] stands in the shoes of the insured and thus may be entitled to recover an amount in excess of the policy limits. . .[A] jury question exists as to the extent of [Landmark's] liability." *Atlanta Cas. Ins. Co.*, supra at 44-45 (2) (citations omitted).

We note that Landmark's reliance on language from *Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. TO31504670 & TO31504671*, 268 Ga. 561, 563 (4) (491 SE2d 337) (1997) is misplaced. Landmark cites *Colonial* for the proposition that an insurer's wrongful refusal to provide a defense entitles the insured to receive only what is owed under the contract. But as further explained in that opinion, the breach of the duty to defend "should not enlarge indemnity coverage beyond the parties' contract." Id. In this case the possible damages at issue are not merely those within the indemnity coverage of the policy, but are those further damages that may flow from breach of the contract to defend. "The issue of consequential damages, i.e., judgment in excess of the policy limits, and causation [that can be traced directly to the failure to defend are] matters for jury determination. [Cits.]" *Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199,(558 SE2d 432) (2001). Because the trial court incorrectly ruled that damages for the failure to defend claim

11

are necessarily limited to the policy's coverage limit of $100,000, that portion of the trial court's ruling is reversed.

*Judgment affirmed in part and reversed in part. Doyle, P. J., concurs. McFadden, J., concurs. Boggs, J., concurs fully and specially.*

A13A2024. KHAN v. LANDMARK AMERICAN INSURANCE
    COMPANY.

BOGGS, Judge, concurring fully and specially.

I agree with all that is said in the majority opinion, but write separately to emphasize that Khan would not be automatically entitled to recover $2,308,684.70 from Landmark.

Here, the parties filed a consent motion asking the trial court to address whether any damages would be limited to the policy's assault and battery exclusion endorsement of $100,000, *or*, whether the jury would be allowed to "enter a judgment for the Plaintiff in an amount up to and including the amount of the default judgment obtained by Khan against Flashers . . . $2,308,684.70." While the trial court concluded, in error, that any damages could not exceed the $100,000 policy limit, I

wish to emphasize that the majority does not endorse the alternative potential recovery posed to the trial court. This is not a case in which a judgment was entered against a pro se insured following a trial. See *Leader Nat. Ins. Co. v. Kemp & Son*, 189 Ga. App. 115 (375 SE2d 231) (1988). Rather, here, a default judgment was entered for Flashers' failure to complete discovery, and Flashers subsequently settled with Khan for $100,000. In exchange for the assignment of Flashers' claim against Landmark for Landmark's failure to defend, Khan agreed to "withhold from the execution of the Judgment against the assets of Flashers."

Khan is not *automatically entitled* to $2,308,684.70, the full amount of the default judgment. As the assignee of Flashers, he could seek only those damages that are *directly traceable* to Landmark's breach of its duty to defend Flashers. See *Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199, 204 (3) (d) (558 SE2d 432) (2001). Generally, where the insured has settled with the injured party and seeks damages for the insurer's breach of its duty to defend, the damages are limited to the amount of settlement, expenses and attorney fees. Cf. *Ga. Southern & Florida R. Co. v. United States Cas.*, 97 Ga. App. 242, 244 (102 SE2d 500) (1958).

2