## A09A0873. JOHNS v. HOUSING AUTHORITY FOR THE CITY OF DOUGLAS.
(678 SE2d 571)

JOHNSON, Presiding Judge.

This is an appeal from the grant of summary judgment to the landlord in a premises liability action.

Tracy Johns rented an apartment from the Housing Authority for the City of Douglas. After Johns moved into her apartment, she placed an air conditioner window unit in her kitchen window. The unit did not fill the entire width of the window, so Johns placed a piece of cardboard in the space to fill the gap. One night, a man forcibly entered Johns' apartment and assaulted, battered and raped her. Afterward, Johns discovered that the cardboard she had placed in the window was gone, and the air conditioner unit had been moved to the side. Johns concluded that the intruder had gotten in by removing the cardboard, shoving the air conditioner unit to the side, and reaching through the opening to unlock the adjacent back door. There is no evidence indicating how the assailant entered the apartment complex, or whether he was on the grounds as a resident, guest, or trespasser.

Johns sued the Housing Authority, claiming it breached its duty of care to keep its tenants safe. According to Johns, the Housing Authority should have repaired a hole in the fence surrounding the

YALE LAW LIBRARY

complex, provided better exterior lighting in common areas, and improved its security patrols of the complex.

The Housing Authority moved for summary judgment asserting, among other things, that there was no evidence that anything it did or failed to do caused Johns' injuries. To support its motion for summary judgment, the Housing Authority pointed to: the lack of evidence showing that any of the allegedly unsafe conditions presented by its failure to repair the fence or increase common area lighting or security patrols proximately caused the attack; evidence that Johns had equal or superior knowledge of the allegedly unsafe conditions; and evidence that the unsafe condition that actually allowed the assailant to enter her apartment (i.e., the manner in which she installed the air conditioner window unit) was created by Johns.

In response, and to support Johns' claim that the Housing Authority had a duty to protect her from the third-party criminal attack because it knew the neighborhood was dangerous, Johns pointed to police reports for the area in which the complex is located for the five years preceding the attack — there were "more than fifty (50) stranger to stranger crimes that were investigated in and around the complex in the preceding five year period."[1] As proof that the Housing Authority breached its duty to exercise ordinary care for the safety of its tenants, Johns pointed to evidence that it failed to repair the hole in the fence, improve exterior lighting in the common areas or improve security patrols of the complex. The trial court granted the Housing Authority's motion. We affirm.

> When ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.[2]

In order to make a claim for negligence in Georgia, a plaintiff must show: (1) a legal duty to conform to a standard of conduct

---

[1] The offenses reported on the street on which the complex is located over the five-year period included eighteen burglaries, twenty simple batteries, ten criminal trespasses, four aggravated assaults, six illegal automobile entries, three thefts by taking, two child neglect charges, and one of each of the following: stalking, terroristic threat, child cruelty, statutory rape, child molestation, and criminal damage to property.

[2] (Citations omitted.) *Wojcik v. Windmill Lake Apts.*, 284 Ga. App. 766, 766-767 (645 SE2d 1) (2007).

raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest.[3]

The general rule regarding premises liability is that a landlord does not ensure a tenant's safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to exercise ordinary care in keeping the premises and approaches safe.[4] A landlord's duty to exercise ordinary care to protect a tenant against third-party criminal attacks extends only to foreseeable criminal acts.[5] "Knowledge of a dangerous condition giving rise to the incident is necessary in order to show the existence of even an initial duty to provide preventive security measures for this type of attack."[6] The incident causing injury to the plaintiff must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his tenants against the risk posed by that type of activity.[7]

Even if we were to agree with Johns that the attack in her apartment was foreseeable based on other crimes in the area, that the Housing Authority therefore had a duty to improve security in the complex, and that the Housing Authority breached that duty by not making the repairs or improvements Johns suggests, there is no evidence that any such breach led to her injuries. In this case, the intruder was apparently able to enter Johns' apartment because she left a rear window unsecured, not because the Housing Authority failed to do those acts enumerated by Johns.

Although under Georgia law questions of negligence are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law.[8] In such plain cases, the inquiry is not whether the defendant's conduct constituted a cause-in-fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to permit a recovery.[9]

In the instant case, a jury would have to speculate that improvements to security patrols and lighting, and a repair to the fence, would have prevented the assailant from approaching Johns' apart-

---

[3] *Snellgrove v. Hyatt Corp.*, 277 Ga. App. 119, 122 (1) (625 SE2d 517) (2006).

[4] *Sturbridge Partners v. Walker*, 267 Ga. 785, 785-786 (482 SE2d 339) (1997).

[5] Id.

[6] (Citations and punctuation omitted.) *Mason v. Chateau Communities*, 280 Ga. App. 106, 113 (2) (633 SE2d 426) (2006).

[7] Id. at 112-113.

[8] See *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 67 (2) (397 SE2d 576) (1990).

[9] Id.

ment unit and reaching through her window to gain entry into her apartment. Speculation that raises a mere conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment.[10]

The causal connection between the Housing Authority's conduct and Johns' injury is simply too remote for the law to permit a recovery.[11] Consequently, summary judgment in favor of the Housing Authority was appropriate because viewing all the facts and reasonable inferences from those facts in a light most favorable to Johns, the evidence does not create a triable issue on the question of causation.

Johns also asserts that the trial court erred in "failing to apply, address or discuss the proper two-pronged analysis of negligent security cases," namely (1) whether third-party criminal acts upon tenants were foreseeable, and (2) whether the Housing Authority exercised ordinary care in providing security. However, Johns cites no authority requiring that the trial court include that specific language in its order. The burden is always on the appellant to show error affirmatively by the record, and every presumption of legality will be made in favor of the trial court's judgment.[12] Johns has not met that burden.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 14, 2009 

*Brown & Scoccimaro, Jimmie H. Brown, Francis L. Morris, Jr.,* for appellant.

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Terry L. Readdick, Steven G. Blackerby, John T. Croley, Jr.,* for appellee.

---

[10] See generally *Tuggle v. Helms*, 231 Ga. App. 899, 902-903 (2) (499 SE2d 365) (1998).

[11] *Deese v. NationsBank of Ga.*, 222 Ga. App. 275, 277 (2) (474 SE2d 18) (1996).

[12] See *Speir v. Krieger*, 235 Ga. App. 392, 394-395 (509 SE2d 684) (1998).