**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 7, 2022**

# In the Court of Appeals of Georgia

A22A0744. TARA BRIDGE APARTMENTS, LP et al. v. BENSON.

MARKLE, Judge.

After Millicent Benson was sexually assaulted when an intruder broke into her apartment, she sued Tara Bridge Apartments, LP; Tara Bridge GP, Inc.; Tara Bridge Atlanta Apartments, LLC; Ventron Management, LLC; and Camille Fisher, individually (collectively, "Appellants").[1] The trial court denied Appellants' motion for summary judgment, and certified its order for immediate review. We granted the interlocutory application, and this appeal followed. On appeal, Appellants argue the trial court erred by denying their motion because Benson failed to (1) present

---

[1] The complex was owned by Tara Bridge Apartments, LP and Tara Bridge GP, Inc.; Tara Bridge Atlanta Apartments, LLC, and Ventron Management, LLC, managed the complex; and Camille Fisher was the property manager assigned to the complex.

evidence to create a jury question regarding the duty and causation elements of her negligence claim; (2) show that Appellants knew of a pattern of similar crimes that made the instant attack foreseeable; (3) establish that a breach of contract claim existed due to repair issues related to the entrance gate to the complex and window locks; and (4) show that punitive damages were appropriate. After a thorough review of the record, we agree with Appellants and, therefore, reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *Cleveland v. Team RTR2*, 359 Ga. App. 104 (854 SE2d 756) (2021).

So viewed, the record shows that Benson lived at the Tara Bridge Apartments in Jonesboro, Georgia. In the early morning hours of June 8, 2019, an intruder broke into Benson's apartment and sexually assaulted her. Following the attack, the police discovered an open window near the front door of Benson's apartment. Benson stated

2

that before going to bed that night, she double-checked to ensure the front door was locked and that her window was closed. Benson told the police she believed the window was the assailant's point of entry.

Following the attack, Benson sued Appellants, asserting claims of premises liability; vicarious liability; breach of contract; breach of implied warranty of habitability; punitive damages; and attorney fees and expenses. To support her negligence claim, Benson pointed to her own deposition testimony, work requests made to Appellants, as well as testimony from a security expert. In her deposition, Benson testified that the only complaints she made to Appellants were related to the window lock, the front gate, a building light that was out before she moved in, and a light that was out in the parking lot. With regard to the window lock, Benson explained that she made maintenance requests in 2016 when she first moved, but, after receiving confirmation from Appellants that the window was repaired, she never checked it to ensure that it, in fact, was working properly. Although Benson believed the assailant entered her apartment through the unsecured window, she admitted the possibility that he likewise could have entered through her front door while she was out walking her dog earlier that evening.

Benson also relied upon a number of work requests submitted to Appellants related to improperly functioning windows. Appellants' employees admitted in their depositions that some windows in the complex, including Benson's, could at times appear to be locked, but were not. Benson's expert, Michael Hodge, testified in deposition that this could occur when the windows were not completely pushed down.

It further appeared that there was a single point of entry by vehicle to and from the complex through the security gate at the front of the apartments, and that this entrance was often inoperable, both prior to and after the attack. Benson's expert opined that, given the condition of the front gate, Appellants should have employed uniformed security to patrol the premises. Nevertheless, there is no evidence as to how the assailant actually entered the apartment complex.

Benson submitted police reports showing there were at least 29 prior break-ins at the apartment complex over the 5-year period prior to Benson's attack. These included a physical assault in 2017; a rape in 2013; and at least nine incidents of breaking or damaging an apartment window to gain entry.[2]

---

[2] Appellants acknowledged that they were aware of at least two incidents of forced entry in 2017, and the property manager alerted residents to the break-ins, but it is unclear whether these break-ins were reported to the police.

Appellants moved for summary judgment, and submitted testimony from their own expert, Elizabeth Dumbaugh. Dumbaugh opined that the security gate was a potential threat, but that this was common for any residential facility. She also opined that, prior to and at the time of Benson's attack, there was no recent or frequent history of violent attacks at the complex indicative of the type of assault on Benson, and that Appellants had provided reasonable security measures via resident patrol officers on site, adequate lighting, and surveillance cameras. Appellants also submitted the property manager's deposition, in which she stated that she was unaware of any prior criminal activity on the premises that would have alerted her to a possible sexual assault. Appellants further asserted that any prior maintenance reported and work performed on the window in Benson's apartment was completed prior to the attack, and that, at the time of the incident, the window was in working order.

After a hearing, the trial court denied Appellants' motion. We granted the application for interlocutory review, and this appeal followed.

In related enumerations of error, Appellants argue that they were entitled to summary judgment because Benson failed to (a) establish the duty and causation elements of her negligence claim as there was no evidence that the window in

5

question was malfunctioning; and (b) show that Appellants knew of a pattern of similar crimes such that the instant attack was foreseeable. Appellants also asserted (c) the trial court should have granted summary judgment as to Benson's breach of contract and punitive damages claims. We agree that Appellants were entitled to summary judgment.

> Under Georgia law, to state a claim for negligence, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation omitted.) *Shadow v. Federal Express Corp.*, 359 Ga. App. 772, 775 (4) (860 SE2d 87) (2021).

It is well settled in Georgia that a proprietor owes its invitees a duty "to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. A landowner, however, "is not an insurer of an invitee's safety. An intervening criminal act by a third party generally insulates a landowner from liability unless such criminal act was reasonably foreseeable." *(Citation omitted.) Rautenberg v. Pope*, 351 Ga. App. 503, 505 (1) (831 SE2d 209) (2019).

6

Put another way, if the owner has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters. But, an owner is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable. Indeed, without foreseeability that a criminal act by a third party will occur, the proprietor has no duty to exercise ordinary care to prevent the act.

(Citation and punctuation omitted.) *The Retail Property Trust v. McPhaul*, 359 Ga. App. 345, 347-348 (1) (857 SE2d 521) (2021); see also *Med. Center Hosp. Auth. v. Cavender*, 331 Ga. App. 469, 473-474 (1) (771 SE2d 153) (2015). Accordingly, a premises liability claim based on attacks by a third-party requires both foreseeability of an attack and a showing that the landlord's conduct is the contributing cause of the attack. With these principles in mind, we turn to Appellants' specific claims of error.

(a) *Proximate cause/causal connection.*

As to the issue of causation,

our Supreme Court has explained that causation is an essential element of negligence claims, and to establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. So, no matter how negligent a party may be, if his act stands in no causal relation to the injury, it is not actionable. Indeed, the plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that

7

the conduct of the defendant was a cause in fact of the result. Significantly, a mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. Lastly, it is a well-settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

(Citations and punctuation omitted.) *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (1) (865 SE2d 231) (2021).

Here, Benson has not met her burden as to proximate cause. Benson urges this Court to find that her attacker was able to enter her apartment through the front window because the window was malfunctioning, and Appellants' employees knew of problems with the window locking mechanisms. She further argues that, in light of the inoperable security gate at the front of the complex, additional security measures — namely fixing the gate or employing security guards — would have prevented her rape. In essence, Benson argues that she was entitled to a reasonable inference that the proximate cause of her injury was an apparent malfunctioning of the window and Appellants' failure to ensure that the window locked properly and the entry gate was secure. We disagree.

8

Benson has failed to present any evidence showing that the window in question was malfunctioning at the time of her attack. The record evidence shows that Benson complained of problems with the window, management fixed it, but she never checked the window to ensure it, in fact, had been fixed. And, although Benson indicated she double-checked that her front door was locked before she went to bed the night of the attack, she admitted that she did not check the window to make certain it was locked, and she admitted the intruder could have entered through her front door, which she might have left unlocked earlier that evening. In short, Benson has offered nothing but speculation that the window was broken at the time of her attack and that it was the assailant's point of entry. And, although Benson alleges that her attacker likely entered the premises through the inoperable security gate at the complex, there is no evidence in the record as to how the assailant gained access to the property or whether his entry was lawful.

> Although under Georgia law questions of negligence are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law. In such plain cases, the inquiry is not whether the defendant's conduct constituted a cause-in-fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to permit a recovery.

9

(Citation omitted.) *Johns v. Housing Auth. for the City of Douglas*, 297 Ga. App.869, 871 (678 SE2d 571) (2009).

Based on the foregoing, the causal connection between Appellants' alleged conduct and Benson's injury is too remote to create a question of fact on this issue. A jury would have to speculate as to whether the intruder was able to enter Benson's window, if he even entered through the window, due to its malfunctioning or if she simply left it unlocked. Similarly, a jury would have to speculate as to whether the intruder entered the complex through the security gate and whether improvements to security would have prevented Benson's attack. "Speculation that raises a mere conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment. *Johns*, 297 Ga. App. at 872; see also *Stadterman*, 361 Ga. App. at 615 (1) ("[A] mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.") (citation and punctuation omitted); *Mannion & Mannion, v. Mendez*, 355 Ga. App. 28, 31 (842 SE2d 334) (2020) ("although the plaintiff is entitled to the benefit of all reasonable inferences to be drawn from the

evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative.") (citation and punctuation omitted).

Accordingly, Benson has failed to met her burden on causation, and the trial court erred in failing to grant summary judgment in Appellants favor.

(b) *Substantially similar crimes*.

Because Benson has failed to establish the required element of proximate cause, we are not obligated to address Appellants' additional argument regarding foreseeability. *Stadterman*, 361 Ga. App. at 617 (2).

(c) *Breach of contract and punitive damages claims.*

Finally, because Benson has not established causation for the injury where she has failed to present any evidence showing that the window in question was malfunctioning at the time of her attack, or even that the entry gate to the complex was her assailant's point of entry, she cannot show a breach of the lease agreement. *Stadterman*, 361 Ga. App. at 615 (1) (no causation where there is a complete lack of evidence of malfunctioning window or that entrance gate was how assailant entered property). Likewise, in light of our conclusion that Appellants' were entitled to summary judgment as to causation, Benson's punitive damages claim cannot survive. *Villages of Cascade Homeowners Assn. v. Edwards*, 363 Ga. App. 307, 311-312 (3)

11

(870 SE2d 899) (2022) (punitive damages claim was derivative of the premises liability claim, and thus summary judgment was appropriate as to punitive damages as well).

For the foregoing reasons, we reverse the trial court's denial of summary judgment in favor of Appellants.

*Judgment reversed. Dillard, P. J., and Mercier, J., concur.*